Eddie David COX, Appellant,

v.

**UNITED STATES DEPARTMENT
OF JUSTICE et al.**

No. 78–2267.

United States Court of Appeals,
District of Columbia Circuit.

June 11, 1979.

Before WRIGHT, Chief Judge, MacKIN-NON and ROBB, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

Eddie David Cox filed an action *pro se* against the United States Department of Justice and the United States Marshals Service ("Marshals") to obtain information he had requested under the Freedom of Information Act, 5 U.S.C. § 552 (1976). After Cox filed suit, the Marshals voluntarily released most but not all of the requested information. Cox amended his complaint (1) to obtain disclosure of the remaining material, and (2) to seek an award of attorney's fees for having caused disclosure of the material the Marshals had released. The district court granted the Marshals' motion for summary judgment. The matter comes before us on Cox' motion for appointment of counsel to pursue the two claims on appeal. We deny the motion insofar as Cox seeks appointment of counsel to pursue the first claim, and we concomitantly dismiss the appeal on that claim *sua sponte*. We grant the motion insofar as Cox seeks appointment of counsel to pursue the attorney's fees claim, and we concomitantly, *sua sponte*, vacate that portion of the district court's judgment relating to that claim and remand the case to the district court for further proceedings on that claim not inconsistent with this opinion.

Cox is an inmate at the federal penitentiary in Marion, Illinois. By letter dated November 8, 1976, Cox asked the Marshals for a copy of the Manual for United States Marshals ("Manual"), citing the Freedom of Information Act. Six months later, having received no response from the Marshals, Cox wrote to the Attorney General to report the Marshals' inaction and to appeal what Cox construed as a tacit denial of his claim. In a letter dated May 26, 1977, the

Justice Department replied that, owing to its limited resources, it could not pass on Cox' request until the Marshals had. While acknowledging that the Freedom of Information Act entitled Cox to regard the Marshals' silence and its own response as a refusal to release the information, the Justice Department asked Cox to postpone filing suit until the Marshals actually reviewed his demand for the Manual. In December 1977, not having heard from the Marshals, Cox sued.

Four months later, in April 1978, the Marshals notified Cox that it had decided to release a copy of the Manual, with certain deletions, upon Cox' payment of the duplication costs. Unsatisfied, Cox pressed his claim for the remaining material and also added a request for an award of attorney's fees based on the Marshals' release of the noncontroversial portions of the Manual. In an affidavit accompanying his motion for summary judgment, Cox claimed entitlement to the deleted portions of the Manual dealing with the following subject matters: the caliber of the weapon and the length of the barrel on the weapon used by the Marshals: the type of ammunition they used, and the number of rounds they are issued; the type of handcuffs they used, and the key combinations matching the handcuffs; the place where the keys are secured; the radio transmission and receiving frequencies of operational units; arrangement of prisoners during transportation of same, including the use of restraining devices; the position of the weapons on security personnel while transporting prisoners; and the inspection of prisoners during transport for objects used to break open handcuffs. The district court granted the Marshals' motion for summary judgment on the ground that the foregoing items related to housekeeping matters exempt from disclosure under subsection (b)(2) of the Freedom of Information Act.

 Subsection (b)(2) exempts from the disclosure provisions of subsection (a) materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2) (1976). This exemption applies to matters of merely intra-agency significance in which the public could not reasonably be expected to have a legitimate interest. *Department of the Air Force v. Rose*, 425 U.S. 352, 369–70, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). The exemption covers those portions of law enforcement manuals that prescribe the methods and strategy to be followed by law enforcement agents in the performance of their duties. *See Ginsburg, Feldman & Bress v. Federal Energy Administration*, Civ.No. 76–0027 (D.D.C. June 18, 1976), *aff'd per curiam by an equally divided court*, 192 U.S.App.D.C. 143, 591 F.2d 752 (1978) (en banc), *cert. denied*, —— U.S. ——, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979). It does not apply to "secret law" contained in the rules and practices by which an agency regulates its own staff. *Jordan v. United States Department of Justice*, 192 U.S.App.D.C. 144, 154, 591 F.2d 753, 763 (1978) (en banc). The exemption exhibits a congressional judgment that material lacking external impact is unlikely to engage legitimate public interest, the touchstone of the policies underlying the Freedom of Information Act.

 The deleted portions of the Manual unquestionably fall within subsection (b)'s exemption for routine matters of merely internal interest.[1] The precise na-

---

1. In *Jordan v. United States Dep't of Justice, supra*, a majority of the judges on this court held that the only exemptions from disclosure under the Freedom of Information Act are located in subsection (b). Judges MacKinnon and Robb dissented from that construction, asserting that materials which need not be disclosed under subsection (a)(2) are equally exempt from disclosure under subsection (a)(3). We based our view on the legislative intent of subsection (a)(2) as expressed in the Senate Report on that provision:

The limitation of the staff manuals and instructions affecting the public which must be made available to the public to those which pertain to administrative matters *rather than to law enforcement matters* protects the traditional confidential nature of instructions to Government personnel prosecuting violations of law, while permitting a public examination of the basis for administrative action.

S.Rep.No. 713, 89th Cong., 1st Sess. 2, 7 (1965) (emphasis added). Absent the compulsion of

ture of the deleted information is clear from the context from which it was deleted. As the above listing of subject matters indicates, the deleted portions of the Manual pertain solely to housekeeping concerns of interest only to agency personnel. The undisclosed material does not purport to regulate activities among members of the public. Nor does it set standards to be followed by agency personnel in deciding whether to proceed against or to take action affecting members of the public. Differently stated, the unreleased information is not "secret law," the primary target of subsection (a)'s broad disclosure provisions.[2] No members of the public are likely to behave or to think differently owing to a revelation about the length of the barrel on the gun used by the Marshals. It is apparent from the released portions of the Manual that Marshals carry loaded guns and that they use handcuffs. We can assume for our purposes that some members of the public have a legitimate interest in that information. It is quite a different matter, however, and in our judgment unreasonable, to expect that the public also has an interest in how many bullets are in a Marshal's gun or in whether the Marshals keep the keys to the handcuffs in their right hip pocket, a drawer, or elsewhere. Such information is of legitimate interest only to members of the Marshals' staff.

Accordingly, we have no difficulty holding that the deleted material is exempt under subsection (b)(2). Having carefully reviewed the entire record, we conclude that Cox' appeal seeking the deleted portions of the Manual is baseless. We therefore dismiss the appeal *sua sponte. Cf. Schieber v. Immigration & Naturalization Service*, 171 U.S.App.D.C. 312, 320, 520 F.2d 44, 52 (1975) (per curiam); *United States v. Marshall*, 166, U.S.App.D.C. 412, 414, 510 F.2d 792, 794 & n.8 (1975) (per curiam).

Cox' claim for an award of attorney's fees may have more substance under the cases in this circuit. The Freedom of Information Act provides that a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which a complainant substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (1976). Cox maintains that the Marshals only released the information after he filed suit, seventeen months after his initial request. He argues that because the Marshals released the bulk of the Manual under the eventual threat of a court order compelling its release, he "substantially prevailed" in his action and is thus entitled to attorney's fees. In entering judgment below, the district court did not refer to Cox' attorney's fees claim, though it later denied, without explanation, Cox' motion to amend the judgment to award such fees.

■ In authorizing courts to award attorney's fees in Freedom of Information Act cases, Congress sought to encourage private persons to assist in furthering the national policy that favors disclosure of government documents. Consistent with this intent, this court has held that it is unnecessary for a complainant who is an attorney acting *pro se* to have actually incurred attorney's fees in order to be eligible for an award of same. *Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 188–189, 553 F.2d 1360, 1364–65 (1977). In *Holly v. Acree*, 72 F.R.D. 115, 116 (D.D.C.1976), *aff'd by order sub nom. Holly v. Chasen*, 186 U.S.App.D.C.

---

*Jordan*, we would adhere to our dissenting view that the deleted portions of the Manual in the instant case, being a law enforcement manual, need not be disclosed under subsection (a) without resort to an exemption enumerated in subsection (b). *Cf. Cox v. Dept. of Justice*, 576 F.2d 1302, 1306–09 (8th Cir. 1978) (DEA manual).

2. It is clear, for example, that the deleted portions of the Marshals' Manual coincide far more closely with the relevant portions of the FEA manual at issue in *Ginsburg, Feldman &*

*Bress v. Federal Energy Administration, supra,* which an equally divided court held were exempt from disclosure, than with those portions of the U.S. Attorney's Manual that this court required to be disclosed in *Jordan v. United States Dep't of Justice, supra.* The relevant portions of the Marshals' Manual do not contain secret law, which was *Jordan's* primary focus. Moreover, it is noteworthy that the Marshals' Manual meets the test of "predominant internality" suggested in Judge Leventhal's concurring opinion in *Jordan.*

329, 569 F.2d 160 (1977), the district court employed similar reasoning in a situation in which a layman was acting *pro se*. Consequently, under these cases, the fact that Cox is not an attorney does not disqualify him from receiving an award of attorney's fees. If Cox indeed "substantially prevailed" in his action, then the district court may in its discretion grant him an award of fees.

 It is evident from the record that the Marshals released most of the requested information, and did so after Cox filed his suit. That fact alone, however, does not necessarily mean that Cox substantially prevailed in his action. It is true that a court order compelling disclosure of information is not a condition precedent to an award of fees, *Foster v. Boorstin*, 182 U.S. App.D.C. 342, 344, 561 F.2d 340, 342 (1977); *Nationwide Building Maintenance, Inc. v. Sampson*, 182 U.S.App.D.C. 83, 87, 89, 559 F.2d 704, 708–10 (1977), but it is equally true that an allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc*, *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 514 (2d Cir. 1976). Instead, the party seeking such fees in the absence of a court order must show that prosecution of the action could reasonably be regarded as necessary to obtain the information, *Vermont Low Income Advocacy Council, Inc. v. Usery, supra* at 513, and that a causal nexus exists between that action and the agency's surrender of the information, *Cuneo v. Rumsfeld, supra* 180 U.S.App.D.C. at 190,

553 F.2d at 1366. Whether a party has made such a showing in a particular case is a factual determination that is within the province of the district court to resolve. In making this determination, it is appropriate for the district court to consider, *inter alia*, whether the agency, upon actual and reasonable notice of the request, made a good faith effort to search out material and to pass on whether it should be disclosed. We have elsewhere had occasion to note both the plethora of Freedom of Information Act cases pending before federal agencies at any given time, and the time-consuming nature of the search and decision process. *See Open America v. Watergate Special Prosecution Force*, 178 U.S.App.D.C. 308, 315, 547 F.2d 605, 612 (1976).[3] If rather than the threat of an adverse court order either a lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit. The court must determine the cause of the delay.

 As we noted above, if a party in fact substantially prevails in his action, then he is eligible for an award of attorney's fees. Eligibility, however, does not mean entitlement. Indeed, were it appropriate for us to consider the question here, we would have serious reservations about the propriety of an award of fees on the facts of this case.[4] The issue, however, initially is one for the district court.

---

**3.** In that case, we also held:

> [W]e interpret Section 552(a)(6)(C) [providing for exhaustion of administrative remedies upon lapse of the time limits for producing information under subsection (a)] to mean that "exceptional circumstances exist" when an agency, like the FBI here, *is deluged with a volume of requests for information vastly in excess of that anticipated by Congress*, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests. In such situation, in the language of subsection (6)(C), "the court may retain jurisdiction and allow the agency addi-

> tional time to complete its review of the records." Under the circumstances defined above the time limits prescribed by Congress in subsection (6)(A) become not mandatory but directory.

*Id.* 178 U.S.App.D.C. at 319, 547 F.2d at 616 (emphasis added).

**4.** Although Cox' status as a prisoner is irrelevant to a determination whether the deleted portions of the Manual ought to be disclosed, *see Soucie v. David*, 145 U.S.App.D.C. 144, 154, 448 F.2d 1067, 1077 (1971), his status is germane to a decision on whether an award of attorney's fees is appropriate, *see Cuneo v. Rumsfeld, supra*, 180 U.S.App.D.C. at 189–192, 553 F.2d at 1365–68. As we noted at the outset of this discussion, the policy underlying the

A decision on whether to award attorney's fees to an eligible party resides in the discretion of the district court, *see Cuneo v. Rumsfeld, supra,* 180 U.S.App.D.C. at 189–192, 553 F.2d at 1365–68, though that decision is of course a valid object of appellate consideration under the abuse of discretion standard. In *Cuneo,* we identified a number of factors to be considered by the district court in exercising this discretion. These factors, which are not exhaustive of the possible considerations, include (1) the benefit to the public, if any, derived from the suit; (2) the nature of the complainant's interest in the released information; and (3) whether the agency's withholding of the records had a reasonable basis in law.

On the record before us, we have no indication of the district court's views on these factors, nor, for that matter, have we any on whether Cox indeed substantially prevailed in his action. There remain disputed issues of fact to be resolved and factual considerations to be weighed. It is sufficient for our purposes to hold that Cox' claim for attorney's fees cannot be said, under *Cuneo* and *Holly,* to lack a possible basis in law, and that further proceedings in the district court, rather than here, are appropriate.

On remand, the district court should first consider whether Cox' suit (as opposed to his initial request) *actually* provoked release of the Manual. In this connection, the district court should consider the Marshals' averment that it was unaware of Cox' request until the suit was filed. If the court finds that Cox' action was the true cause of the Marshals' decision to release the information, then it should assess whether in light of the *Cuneo* factors an award of attorney's fees is appropriate. In this connection, the court should take special notice of the facts, among others, (1) that the Manual contains information that is relevant to law enforcement operations rather than to matters of substance that normally affect the general public; (2) that the complainant is a federal prisoner with an apparent though unexplained interest in the way in which Marshals operate; and (3) that the Marshals' "decision" to withhold the Manual, if indeed it was a decision at all, antedated this court's decisions in *Jordan v. United States Department of Justice, supra,* and *Ginsburg, Feldman & Bress v. Federal Energy Administration, supra.* It may well be that the Marshals originally withheld the material it later released because of concern about its obligation to release or justification for releasing the information it deleted. Cox' request necessitated a detailed analysis of a Manual containing over 630 pages, most of which the Marshals eventually released. We are impressed by the small amount of material that was withheld.

In sum, the motion for appointment of counsel is granted in part and denied in part. Cox' appeal on the claim for the deleted portions of the Manual is dismissed *sua sponte.* That portion of the district court judgment relating to Cox' attorney's fees claim is vacated, and the case is remanded to the district court for additional proceedings on that claim not inconsistent with this opinion.

*Judgment accordingly.*

J. SKELLY WRIGHT, C. J., concurs in the result.

statutory authorization for attorney's fees is to encourage private persons to advance the national interest in disclosure of government documents. But Congress did not mandate awards for every successful litigant; it left the matter to the discretion of the courts. A decision to grant or to deny fees in a particular case is an implicit decision, respectively, to encourage or to discourage that type of Freedom of Information Act claim. In approaching such a decision, a court must assess the relationship between the requested information and the status of the party requesting it. In view of the obvious and potentially ominous relationship between the Manual (and comparable documents) and Cox (and individuals similarly situated), we have doubts about whether encouraging inmates to bring this type of litigation is in the national interest.