**Michael Alan CROOKER, Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS,
Defendant.**

**Civ. A. No. 83–2505.**

United States District Court,
District of Columbia.

Feb. 14, 1984.

Michael Alan Crooker, pro se.

Patricia Daniells Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on defendant's motion to dismiss, plaintiff's opposition thereto and motion for attorney's fees, defendant's supplemental memorandum to motion to dismiss and opposition to plaintiff's motion for attorney's fees, and the entire record herein. For the reasons stated below, the Court grants defendant's motion to dismiss and denies plaintiff's motion for attorney's fees.

## I.

On March 19, 1983, *pro se* plaintiff Michael Alan Crooker made a Freedom of Information Act ("FOIA") request to the Federal Bureau of Prisons, Department of Justice ("Bureau of Prisons" or "agency") for "any photos, files or records maintained" under his name. Defendant's Motion to Dismiss at Exhibit A, Letter from Michael Alan Crooker to General Counsel, Federal Bureau of Prisons (March 19, 1983). On March 24, 1983, the Bureau of Prisons responded to plaintiff's letter, indicating that it would be processed under the Privacy Act of 1974, 5 U.S.C. § 552a. The letter also indicated that his request would take thirty to sixty days to be processed, and that this delay was caused by the necessity of transferring plaintiff's request from the Washington, D.C. Office to the Northeast Regional Office.

On August 24, 1983, plaintiff filed suit against the Bureau of Prisons, alleging that the agency failed to comply with his request by not releasing the records requested. In the complaint, plaintiff demands as relief production of the documents requested as well as attorney's fees. On September 28, 1983, defendant filed its answer, denying that nothing had been done with plaintiff's request for documents. Although the Bureau of Prisons admitted that no records had been released pursuant to plaintiff's request, it indicated that it had been unable to locate the records plaintiff requested as of the date of the answer.

On October 6, 1983, defendant complied with plaintiff's request and forwarded forty-five pages of documents. One document released to plaintiff had two paragraphs deleted because those paragraphs contained information about a third party, which if released, would be an invasion of privacy and could very well "interfere with legitimate law enforcement activities by revealing techniques." *Id.* at Exhibit C, Letter of David R. Essig, Regional Counsel, Northeast Regional Office, Federal Bureau of Prisons to Michael Alan Crooker (October 6, 1983). In the letter, defendant noted that the basis for withholding those paragraphs are covered under 5 U.S.C. § 552(b)(6) and (b)(7)(E). The letter also explained its reason for the delay in processing Mr. Crooker's request, namely, "the large number of similar requests received prior to" plaintiff's. *Id.* The letter advised plaintiff of his right to appeal the agency's decision concerning the deletions of certain paragraphs. Finally, the letter noted that plaintiff should enclose $4.50 for the cost of duplicating the requested documents.

On December 9, 1983, defendant filed a motion to dismiss, noting that it had substantially complied with plaintiff's Privacy Act request. It further argued that the issue of the deleted paragraphs could not be addressed by the Court because plaintiff had failed to exhaust his administrative remedies.

On December 23, 1983, plaintiff filed his opposition to defendant's motion to dismiss and moved for attorney's fees, arguing that he had substantially prevailed on the merits of this action and therefore was entitled to attorney's fees. Plaintiff argued that there was no justification for the six-month delay in responding to his request and implied that the agency's release of the requested documents was in response to his complaint being filed.

Finally, on January 25, 1983, defendant filed a supplemental memorandum in support of its motion to dismiss and its opposition to plaintiff's motion for attorney's fees and costs. In that opposition, defendant submitted a declaration of David R. Essig, Regional Counsel for the Northeast Region, Federal Bureau of Prisons. Mr. Essig declared that, although he received Mr. Crooker's Privacy Act request on March 28, 1983, he did not receive the records from the correctional institution until September 30, 1983. Mr. Essig also claimed that he was not aware of the lawsuit against the Bureau of Prisons until after he released the records on October 6, 1983. He further noted that all information requests are processed on a first-in, first-out

basis and that Mr. Crooker's request was handled on that basis.

## II.

In addressing defendant's motion to dismiss, the Court agrees with defendant that this action must be dismissed. Defendant has substantially complied with plaintiff's request. Those portions of documents which were deleted by the agency are not, at this time, subject to judicial review. Plaintiff must first exhaust his administrative remedies before a court may entertain his claim. *E.g., Allen v. Naval Research Laboratory,* 2 G.D.S. ¶ 82,144 (D.D.C.1982); *Allen v. Henefin,* 2 G.D.S. ¶ 81,056 (D.D.C.December 10, 1980); *Larsen v. Hoffman,* 444 F.Supp. 245, 256 (D.D.C.1977).

In addressing the attorney's fees' issue, it is evident that in order to be eligible for such fees, a plaintiff must have "substantially prevailed" on the merits in his action. 5 U.S.C. § 552a(g)(3)(B). Because the statutory language for attorneys fees in the Privacy Act and FOIA is largely the same, the criteria for awarding such fees in access cases has been held to be the same. *Barrett v. Bureau of Customs,* 651 F.2d 1087, 1088 (5th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982). Therefore, the Court will look to the leading FOIA cases in this circuit to determine whether plaintiff has substantially prevailed in this matter to be awarded attorney's fees.

In *Crooker v. U.S. Department of Treasury,* 663 F.2d 140 (D.C.Cir.1980) (*per curiam*), the United States Court of Appeals for the District of Columbia Circuit carefully outlined what is necessary for a *pro se* plaintiff to "substantially prevail" on the merits sufficient enough to justify an award of attorney's fees:

> [i]n order to "substantially prevail" a complainant in an [sic] FOIA suit need not necessarily obtain a court order forcing the agency to disclose the documents sought, *Nationwide Building Maintenance v. Sampson,* 182 U.S.App.D.C. 83, 89, 559 F.2d 704, 710 (1977). The govern-

ment cannot foreclose an award of attorney's fees by releasing the documents during the pendency of the action, *Cuneo v. Rumsfeld,* 180 U.S.App.D.C. 184, 198, 553 F.2d 1360, 1365 (1977). "[B]ut it is equally true that an allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc* .... If rather than the threat of an adverse court order either a lack of actual notice of a request or an avoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to the request, then it cannot be said that the complainant substantially prevailed in his suit." *Cox v. Dept. of Justice,* 195 U.S.App.D.C. 189, 194, 601 F.2d 1, 6 (1979) (*per curiam*) (citation omitted).

*Id.* at 141–42. The court in *Cox v. U.S. Department of Justice,* 601 F.2d 1 (D.C. Cir.1979), further noted that, "the party seeking such fees in the absence of a Court order must show that the prosecution of the action could reasonably be regarded as necessary to obtain the information." *Cox v. U.S. Department of Justice,* 601 F.2d at 6.

Keeping the reasoning of both the *Cox* and *Crooker* cases in mind, it is evident to the Court that plaintiff has not substantially prevailed on the merits of this action and thus is not entitled to an award of attorney's fees. The facts in this matter reveal that when the Bureau of Prisons received plaintiff's Privacy Act request, it responded in a timely manner, indicating that his request would be transferred to a regional office to conduct the records search and that the plaintiff should expect a delay of up to sixty days for receiving those records. The records were eventually released on October 6, 1983, some six months after the initial request. The unusual delay was caused by the necessity of transferring the request from the agency's headquarters in Washington, D.C., to the Northeast Regional Office, the large number of similar requests that had been received by the agency prior to plaintiff's

**312**

request, and the fact that the Regional Counsel for the Northeast Regional Office did not receive the records requested by plaintiff from the correctional institution until September 30, 1983. The declaration of Mr. Essig, Regional Counsel, also indicated that because of the large number of requests, and the fact that he is the only attorney for the Bureau of Prisons in the Northeast Region, there is no way that requests could be processed on a more expedited basis. Finally, it should be noted that Mr. Essig asserted, in no uncertain terms, that timing of his response to Mr. Crooker's request was not the result of the suit filed in this action. Mr. Essig further stated that "[a]t the time [h]e responded to [Mr. Crooker's] request ... [he] was not aware of the existence of this or any other suit filed by Mr. Crooker or pending requests for release of Bureau of Prisons records." Supplemental Memorandum in Support of Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion for Attorney's Fees and Costs, Declaration of David R. Essig.

The Court finds Mr. Essig's statements credible and there is no reason to doubt their truthfulness. The facts clearly demonstrate that the agency did exercise "due diligence" in processing plaintiff's request despite the six-month delay. Therefore, the Court concludes that plaintiff has not "substantially prevailed" on the merits and so is not entitled to an award of attorney's fees.

For the reason stated above, the Court grants defendant's motion to dismiss this action and denies plaintiff's motion for attorney's fees.