**Robert A. GORDON, Plaintiff,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 82–3472.**

United States District Court, District of Columbia.

April 6, 1984.

Lawrence Douglas Jamison, Washington, D.C., for plaintiff.

Rebecca L. Ross, Asst. U.S. Atty., Washington, D.C., for defendants.

ORDER

CHARLES R. RICHEY, District Judge.

Before the court are plaintiff's applications for costs and counsel fees, defendant's opposition thereto, supplemental memoranda, and the entire record herein.

At all relevant times, plaintiff was employed at defendant's Goddard Space Flight Center. In August, 1982, plaintiff requested, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy act, 5 U.S.C. § 552a, copies of records concerning the reorganization of one of the Center's divisions and his transfer.

This request produced a few documents relating to the reorganization but none relating to plaintiff. Plaintiff then asked for another search. It produced no new material.

In October, 1982, plaintiff amended his request and another search was conducted. In November, 1982, plaintiff was informed that this latest search had uncovered additional documents. At this time, he was also told he would be charged $108.00 for the search. This charge was then required by NASA's FOIA regulation (14 C.F.R. § 1206.501) and Privacy act regulation (14 C.F.R. § 1212.603).

On November 15, 1982, plaintiff, through counsel, wrote the defendant, remonstrating against the imposition of the search fee and stating it would be paid under protest.

On December 14, 1982, plaintiff was informed that, after reconsideration, NASA had determined that the search fee was improperly imposed and would be refunded. This decision was made within the thirty work days allowed by NASA to resolve an appeal under the Privacy Act (14 C.F.R. § 1212.603).

However, on December 8, 1982, before the administrative deadline had passed, plaintiff filed this action pursuant to FOIA and the Privacy act. At a status hearing on April 27, 1983, plaintiff voluntarily dismissed this action without prejudice while reserving the right to file an application for fees and costs. Now, plaintiff's attorney is before this court asking for an award of fees and costs totaling $4,920.00.

Before a plaintiff is eligible for an award of attorney's fees subsequent to a FOIA suit, it must be determined that he has "substantially prevailed". 5 U.S.C. § 552(a)(4)(E). In the absence of a court order, as is the case here, "substantially prevailed" has been determined to mean that (1) the suit was necessary to obtain the desired information and (2) a "causal nexus" has been established between that suit and the release of the requested information. *Cox v. United States Department of Justice,* 601 F.2d 1, 6 (D.C.Cir.1979).

Plaintiff has utterly failed to prove either that his suit was necessary to obtain the desired information or the existence of even the most tenuous links between his law suit and NASA's release of information.

Among the factors to be considered when determining if plaintiff's suit was necessary is whether the defendant agency acted in good faith. *Cox v. United States Department of Justice, supra.* Here there is no evidence that NASA was anything but cooperative. Its responses to plaintiff's requests were always timely, and the products of its searches were promptly made available to the plaintiff.

Nevertheless, plaintiff brought this action before the time for defendant's response had passed. Under these circumstances, the mere filing of suit is not evidence of agency intransigence. Apparently, plaintiff believes in what has been called the "squeaky wheel" approach, filing suit prematurely in order to compel a faster response from the defendant agency. *E.g., Fund for Constitutional Gov. v. National Archives,* 656 F.2d 856, 871 (D.C.Cir.1981). This Court will not reward such tactics, especially when administrative remedies were not pursued and the defendant agency acted in good faith.

The "substantially prevailing" test is also used when deciding whether to award fees and costs under the Privacy Act. 5 U.S.C. § 552a(g)(3)(B); *Sweatt v. United States Navy,* 683 F.2d 420, 423 (D.C.Cir. 1982). As discussed, plaintiff has not satisfied his burden under this test; and, therefore, no award will be made pursuant to this section.

Plaintiff also claims that he is entitled to the minimum award provided for in 5 U.S.C. § 552a(g)(4)(A). This provision requires a minimum award of $1,000.00 when an agency violates § 552a(g)(1), (C) or (D), and its actions are determined to be "intentional or willful" and have an "adverse effect on an individual."

Plaintiff's inartfully drafted papers are not specific, but he is apparently alleging that the concededly improper search fee infringed on his rights under the Privacy Act. But, plaintiff never explains how the imposition of this fee violates the act, particularly when it was promptly refunded through the normal course of bureaucratic events. Nor is there any indication that the imposition of the fee was "intentional or willful". The charge was improper, but was imposed according to then existing rules. The mistake was quickly corrected through normal review mechanisms and no evidence has been presented that it had any adverse effect on the plaintiff.

This Court is aware that "[a] grudging application of [§ 552(a)(4)(E) ] which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to Congressional intent". *Nationwide Bldg.*

*Maintenance, Inc. v. Sampson,* 559 F.2d 704, 715 (D.C.Cir.1977). Nevertheless, in this case an award of costs and fees is inappropriate.

Therefore, upon consideration of the plaintiff's application for costs and attorney's fees, defendant's opposition thereto, supplemental memoranda, the entire record herein, and for the reasons stated above, it is, by the Court, this 6th day of April, 1984,

ORDERED that plaintiff's application for costs and counsel fees is hereby denied.