Frank D. LOVELL, Plaintiff,

v.

**DEPARTMENT OF JUSTICE,**
**Defendant.**

Civ. A. No. 83–0273.

United States District Court,
District of Columbia.

April 26, 1984.

can properly be cited as direct support for the   decision here.

Frank D. Lovell, plaintiff, pro se.

Marcy A. Toney, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff Frank D. Lovell, a federal prisoner, brings this action *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, against defendant United States Department of Justice. Currently before the Court are plaintiff's request for attorney's fees, and defendant's motion to dismiss for lack of subject matter jurisdiction.

On October 13, 1980, plaintiff by letter requested the United States Attorney for the Eastern District of New York to produce any documents pertaining to certain statements about him in a "Form 792" prepared by that office in 1974.[1] On November 8, the U.S. Attorney informed plaintiff that he should direct his request to the Office of the Deputy Associate Attorney General. On November 18, plaintiff asked that office to produce "any records which pertain to the allegations contained in the [February 1974 Form 792]." Defendant on January 27, 1981, informed plaintiff that his request "had been placed in a list of requests awaiting processing," and that plaintiff should expect a substantial delay in processing because of the large number of requests then pending.

The parties exchanged similar correspondence throughout 1981 and 1982, and on February 1, 1983, plaintiff filed this action. On May 20, 1983, defendant informed plaintiff that its search had located two responsive documents: a February 1, 1974, court transcript of a hearing involving plaintiff, and a copy of a completed Form 792. On August 5, 1983, defendant filed a motion to dismiss, on the grounds that the case was "moot" by virtue of defendant's production of all responsive documents. This Court denied the motion, holding that defendant had failed to "sufficiently demonstrate by affidavit that its search for responsive documents was adequate." *Lovell v. Department of Justice*, CA No. 83–0273 (D.D.C. Jan. 17, 1984). On February 27, 1984, plaintiff submitted a "request for attor-

---

1. Defendant describes the "Form 792" as a "form that is completed by the United States Attorney in all cases where a defendant has been sentenced to a prison term in excess of one year." Def.Mem.Pts.Auth.Mo.Dismiss at 1 n. *

(filed August 5, 1983). Plaintiff complained that the February 1974 form contained false allegations of his participation in several bank robberies and an attempted escape from detention.

ney's fees" in the amount of $245. Finally, on March 12, 1984, defendant renewed its motion to dismiss, submitted a supplemental affidavit describing its records search procedures, and opposed plaintiff's attorney's fees request. Upon consideration, the Court concludes that defendant's motion should be granted, and plaintiff's request denied.

### A. Subject Matter Jurisdiction: Adequacy of Defendant's Records Search

■ Under 5 U.S.C. § 552(a)(4)(B), a federal district court has subject matter jurisdiction only "upon a showing that an agency has 1) 'improperly'; 2) 'withheld'; 3) 'agency records'." *Kissinger v. Reporter's Committee for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). If the agency has in fact produced all responsive records, then the Court has "no further statutory duty to perform," *Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir.1982), in that once the records are released the "substance of the controversy disappears and becomes moot...." *Crooker v. United States Dep't of State*, 628 F.2d 9, 10 (D.C.Cir.1980). *See also Webb v. Dep't of Health & Human Services*, 696 F.2d 101, 107–08 (D.C.Cir.1982). In order to prevail on these grounds, however, the agency must demonstrate by affidavit that it has fully satisfied FOIA requirements in its search for and production of responsive materials. *See Perry v. Block*, *supra*, 684 F.2d at 127; *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1350–51 (D.C.Cir.1983); *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 826 (D.C.Cir.1979). The compliance issue does not turn on "whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block, supra*, 684 F.2d at 128. *Accord, Weisberg v. United States*

*Dep't of Justice, supra*, 703 F.2d at 1350–51.

Generally, in the:

"absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry v. Block*, *supra*, 684 F.2d at 127.

■ As noted, this Court found that defendant's original affidavit did not satisfy this standard. Defendant's supplemental affidavit, however, cures the deficiency by carefully detailing "the scope and method" of defendant's search procedures generally, and of the particular search challenged here. The affidavit describes a two-part process; FOIA requests of this type are first reviewed by the appropriate United States Attorney's office, by an attorney or staff member familiar with the underlying matter. The request and response is then reviewed by the "central receiving and processing unit for all United States Attorney's offices," the Executive Office for United States Attorneys. Supplemental Affidavit ("Supp.Aff.") at ¶¶ 14–15. The affidavit establishes that defendant followed these procedures in handling plaintiff's request, and even went beyond by contacting the "Federal House of Detention [in New York] to determine if that facility had any [responsive records]." Supp.Aff. at ¶ 9. In short, defendant's effort plainly satisfies the "standard of reasonableness that has been applied to test the thoroughness and comprehensiveness of agency search procedures," *McGehee v. CIA*, 697 F.2d 1095, 1101, *vacated in part*, 711 F.2d 1076 (D.C.Cir.1983), and is adequately documented by "relatively detailed" and "nonconclusory" affidavits. The Court concludes that defendant is not "improperly withholding agency records" and therefore the case must be dismissed for lack of subject matter jurisdiction.[2]

---

**2.** Plaintiff also seeks damages under the Privacy Act for defendant's "wrongful and willful statutory deprivations." Although the Privacy Act does authorize an award of damages in certain circumstances, *see* 5 U.S.C. § 552a(g)(4)(A), this case does not fall within those provisions.

### B. *Attorney's Fees*

Plaintiff's request for an award of $245 in "attorney's fees" incurred in prosecuting this case is also before the Court.[3] Section 552(a)(4)(E) of FOIA provides that:

"The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

■ A motion for fees under § 552(a)(4)(E) "requires that two questions be asked and answered. 1) is the plaintiff 'eligible' for such an award, and if so, 2) is it 'entitled' to such an award? *Church of Scientology v. Harris*, 653 F.2d 584, 587 (D.C.Cir.1981). *See also Fund for Constitutional Gov't v. National Archives*, 656 F.2d 856, 870 (D.C.Cir.1981). "Eligibility" goes to whether the plaintiff has "substantially prevailed" within the meaning of the Act, *Church of Scientology v. Harris, supra*, 653 F.2d at 587, and "entitlement" turns on an evaluation of a number of factors, including:

"(1) public benefit derived from the case; (2) commercial benefit to the successful plaintiff; (3) the nature of the successful plaintiff's interest in the records; and (4) whether the agency had a reasonable

basis in law for withholding the records. *See, e.g., Fenster v. Brown*, 199 U.S.App. D.C. 158, 160, 617 F.2d 740, 742 (1979)." *Fund for Constitutional Gov't v. National Archives, supra*, 656 F.2d [856] at 873 n. 36.

■ The threshold question is whether plaintiff has "substantially prevailed." Importantly, a "court order compelling disclosure is not a necessary prerequisite to an award of fees." *Id.* at 871. *See also Cox v. United States Dep't of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C.Cir.1977). Rather, plaintiff must show that 1) prosecution of the action was "reasonably necessary" to obtain the information, and 2) a "causal nexus exists between the action and the agency's surrender of the information." *Church of Scientology, supra*, 653 F.2d at 588 (quoting *Cox v. United States Dep't of Justice, supra*, 601 F.2d at 6). The simple fact that an agency released documents after institution of a suit, while obviously probative, is not conclusive:

"If rather than the threat of an adverse court order either a lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to

First, certain "systems of records" maintained by United States Attorneys' offices, including those containing "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws," are exempt from the access and liability provisions of the Privacy Act. *See* 5 U.S.C. § 552a(j)(2), implemented at 28 C.F.R. § 16.81(b)(11). Second, plaintiff apparently seeks damages for defendant's "refus[al] to comply," § 552a(g)(1)(B), with his access request under § 552a(d)(1). However, the Act does not authorize recovery of damages for violations of that subsection, limiting such awards to violations of subsections (g)(1)(C) and (D). *See* § 552a(g)(4). Finally, even if plaintiff's claim falls within the catchall provision of subsection (g)(1)(D), mere delayed release or response caused by administrative difficulties does not constitute "willful or deliberate [conduct] in the sense demanded by the Privacy Act." *Perry v. Block, supra*, 684 F.2d at 129. *Cf. Albright v. United States*, 732 F.2d 181 at 189 (D.C.Cir.1984). Consequently, plaintiff's Privacy Act as well as FOIA claim must be dismissed.

3. In this circuit, a prisoner proceeding *pro se* in a FOIA case may be awarded attorney's fees. *See Crooker v. United States Dep't of the Treasury*, 663 F.2d 140, 141 (D.C.Cir.1980). *Cf. Crooker v. United States Dep't of the Treasury*, 634 F.2d 48, 49 (2d Cir.1980) (*pro se* litigant must show that prosecuting suit diverted time from income producing activity); *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir.1983) (noting that First, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits deny FOIA fee eligibility to *pro se* litigants). It is noteworthy that this Court on two recent occasions denied, on the merits, prisoner requests for attorney's fees. *See Crooker v. Dep't of the Army*, CA No. 83–2348 (D.D.C. March 29, 1984); *Crooker v. Dep't of the Army*, 577 F.Supp. 1220 (D.D.C.1984). Plaintiff in his application here does not claim any expenses or "diversion from income producing activity," but bills his time at $20 per hour for 12 hours, 10 minutes of work. *See* Plaintiff's Request for Attorney's Fees (filed February 27, 1984).

respond to a request, then it cannot be said that the complainant substantially prevailed in his suit." *Id.*

In short, "eligibility" is "largely a question of causation," *id.* at 587, answered by an examination of the agency's conduct in processing the request.

■ The Court concludes that plaintiff has not "substantially prevailed" and therefore is not "eligible" for an award of fees under § 552(a)(4)(E). Plaintiff, of course, has not obtained a "court order compelling disclosure;" the Court today dismisses his suit for lack of jurisdiction. It is true that nearly three years passed before defendant made a determination on plaintiff's request, and more importantly, that response came several months after plaintiff filed suit. The detailed documentation of defendant's search, however, reveals that the slow response was due to "an unavoidable delay accompanied by due diligence in the administrative processes...." *Cox, supra,* 601 F.2d at 6. Defendant processes FOIA requests in "chronological order based on date of receipt", Supp.Aff. at ¶ 17; given the number of requests, delay was unavoidable. It is noteworthy that the first step in defendant's two-level search process, review at the local United States Attorney's office, was completed *before* plaintiff filed this suit. *Id.* at ¶ 7.

Moreover, unlike the situation in *Crooker v. United States Dep't of the Treasury, supra,* defendant was quick to respond to plaintiff's repeated inquiries about the delay. *See, e.g.,* Exhibits to Complaint B, E, G, J–1. In summary, defendant made a "good faith effort to search out material," *Cox, supra,* 601 F.2d at 6, and did not "ignore" or "negligently fail" to respond to plaintiff's "repeated reminders" that his request was outstanding. *Crooker v. United States Dep't of Justice, supra,* 663 F.2d at 142. The Court therefore concludes that plaintiff has not "substantially prevailed" within the meaning of § 552(a)(4)(E).

Even if plaintiff should be deemed "eligible," however, that does not establish his "entitlement" to an award. *See Fund for Constitutional Gov't, supra,* 656 F.2d at 872; *Cox, supra,* 601 F.2d at 6. Under the analysis set out by the Court of Appeals, there is little question that plaintiff is not entitled to fees. Consideration of the entitlement factors requires the Court to "assess the relationship between the requested information and the status of the party requesting it." *Id.* at 6–7 n. 4 (plaintiff's status as prisoner "germane" to fee determination). Plaintiff is a prisoner; he requested documents pertaining to statements about him in a form prepared by a prosecutor's office, claiming that the statements were "incorrect" and "totally false." The nature of plaintiff's interest in the records is thus quite clear, and quite clearly personal. *Cf. Liechty v. CIA,* 3 GDS ¶ 82,484, at 83,193–94 (D.D.C. Sept. 16, 1982). There is little scholarly, journalistic, or public interest flavor about this request. *Cf. Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 712 (D.C. Cir.1977). Similarly, there is no discernible "public interest" to be derived from this litigation. The requested information neither "further[s] a project benefitting the general public," *id.,* nor contributes to the "fund of information that citizens may use in making vital political choices." *Blue v. Bureau of Prisons,* 570 F.2d 529, 534 (5th Cir.1978). Finally, as noted, defendant's conduct in "withholding" (*i.e.,* in slowly responding to plaintiff's request for) records was entirely reasonable, in view of the administrative delays occasioned by the volume of requests it receives. In sum, plaintiff is neither "eligible" for nor "entitled" to an award of attorney's fees, and his request under § 552(a)(4)(E) must be denied.

Accordingly, defendant's motion to dismiss is granted and plaintiff's request for attorney's fees is denied.