**VIRGINIA TRANSFORMER CORPORATION, Plaintiff,**

**v.**

**U.S. DEPARTMENT OF ENERGY and John S. Herrington, United States Secretary of Energy, Defendants.**

**Civ. A. No. 85–1063(R).**

United States District Court,
W.D. Virginia,
Roanoke Division.

Feb. 25, 1986.

Carl A. Tibbetts, Parvin & Wilson, Roanoke, Va., for plaintiff.

Gustav Goldberger, Office of Gen. Counsel, Dept. of Energy, Washington, D.C., Karen B. Peters, Asst. U.S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Virginia Transformer Corporation ("VTC") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*, to compel defendants United States Department of Energy ("DOE") and John S. Herrington, Secretary of Energy, to release certain documents it

claims are needed to defend itself in an unrelated state court action. The defendants have moved to dismiss the complaint, and VTC has moved for an award of attorneys fees. For the reasons set forth below, the defendants' motion to dismiss is denied, VTC's motion for attorney fees is denied, and the case is stricken from the active docket of the court.

## BACKGROUND

On August 15, 1983 VTC received a grant contract from DOE to perform research on a "solid-state, on-load tap charger." In connection with the grant of the contract, DOE engaged in an investigation of VTC, the extent of which is unclear. VTC was later sued in the state courts of Virginia by an individual who stimulated DOE investigation of VTC on the research grant contract.

Feeling that certain documents possessed by DOE would be helpful in defending the suit in the Virginia state courts, VTC filed an FOIA request with DOE on August 30, 1985. DOE acknowledged receipt of the request by a letter of September 9, 1985. DOE and VTC then corresponded in the following weeks as DOE attempted to comply with VTC's request.

On October 28, 1985 DOE released eighty four pages of documents to VTC. These documents were described as "all [the] documents in our files," with the exception of four documents it described in follows:

1. March 23, 1985, memorandum, from Gajewski to Richards.

2. April 4, 1984, memorandum, from Richards to SBIR Program Manager.

3. June 22, 1984, handwritten notes.

4. June 25, 1984, memorandum.

With regard to these four documents, the DOE FOIA officer stated that a determination as to whether they would be released would have to be made by the DOE Inspector General's ("IG") office, and noted that the documents had been sent to IG for their review.

On November 12, 1985, having heard nothing further from DOE regarding the four documents, VTC counsel telephoned IG to inquire about their release. At that time, VTC counsel informed IG that the requested materials were needed for a trial scheduled from December 13, 1985. In response, IG informed counsel that there were many prior FOIA requests pending in the office,[1] and that it was IG practice to process FOIA requests in the order received. Nonetheless, IG informed counsel that in view of the scheduled trial, counsel's request would be taken out of order and processed immediately as an accommodation. Finally, counsel was informed that pursuant to DOE regulations, the Office of General Counsel ("OGC") of DOE must concur on any proposed withholding of material requested under FOIA.

On November 12, 1985 IG began its analysis of the four documents referred to above. In addition, to fully respond to the VTC request, it began to review 62 additional documents that DOE had not called to VTC's attention. In total, IG had to review approximately 190 pages of documents beginning on that date. The record does not make clear where the additional documents came from, why VTC was not previously informed that they were being reviewed, or why VTC was not informed at this time of their existence.

On November 19, 1985, counsel for VTC again contacted IG to ascertain what progress had been made reviewing the documents. IG informed counsel that work was proceeding and that they would get a better feel for a release date once the package of materials reached OGC for their review. During this conversation, IG did not inform counsel of the existence of the additional documents.

On November 25, 1985, IG telephoned VTC counsel and left word to return their call. In addition, VTC counsel was told that the OGC attorney was on vacation and that this could delay the release decision.

On November 26, 1985, IG referred its proposed response to VTC's request to OGC for its review. After learning that OGC could not review the package until the following week, IG attempted to reach VTC counsel to inform him of this development. VTC counsel returned the call on November 27, and at that time was told that OGC's review would cause a delay. IG encouraged VTC counsel to check back again early the next week, on December 3, to see what progress was being made. At no time during this period was VTC informed that more than four documents were being reviewed.

By early December, VTC had grown tired of the length of time it was taking to review the four documents listed in the letter of October 28. In addition, the trial in the Virginia state court action, set for December 18, was fast approaching. Accordingly, rather than continue to deal with DOE, VTC instituted this action on December 4, 1985, seeking to enjoin DOE from further withholding the four documents listed in the letter of October 28. In response, the defendants moved to dismiss on the grounds that this court lacks jurisdiction over the matter.

A hearing was held in the matter on December 16, 1985. On the date, VTC counsel learned for the first time that more than solely the four documents listed in the October 28 letter were being reviewed by DOE. DOE also stated on that date that their review of the 66 documents would be completed within a couple of days, and that it expected to release most of the responsive documents by December 20, 1985. VTC informed the court that the state court trial scheduled for December 18 had been continued, and that the immediate need for the documents was therefore alleviated. After being apprised of the developments in the case, the court took the case under advisement to await the DOE response.

---

1. On or about November 12, 1985, there were approximately 19 FOIA requests pending with

IG ahead of VTC's request.

On December 20, 1985, IG formally responded to VTC's request. Of the 66 documents, 28 were released in their entirety, 24 were released with deletions, and 14 were withheld in their entirety. On January 10, 1986, VTC formally moved for reimbursement of reasonable attorney fees and other litigation costs in the amount of $1,878.25. A hearing was held on this motion on February 18, 1986, at which time VTC increased its request for reimbursement to $2,650.25.

## ANALYSIS

The court will first consider the defendants' argument that this case should be dismissed because the court is without jurisdiction to hear it. For the reasons set forth below, the court concludes that the court has jurisdiction in this case, and denies the motion to dismiss.

The defendants contend that this court lacks jurisdiction to consider VTC's claim because VTC failed to exhaust its administrative remedies prior to filing suit. This court need not consider defendants' contention that all administrative remedies must be exhausted prior to filing suit in federal court, however, because even if exhaustion is required, *see Brumley v. U.S. Department of Labor*, 767 F.2d 444 (8th Cir.1985) and *Hedley v. U.S.*, 594 F.2d 1043, 1044 (5th Cir.1979), the Freedom of Information Act itself makes clear that exhaustion of administrative remedies is not required in cases such as this one.

The Act provides, in pertinent part:

> Any person making a request to any agency for records under paragraph (1), (2), or (3), of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions ...

5 U.S.C. § 552(a)(6)(C). The applicable time limits are set forth in 5 U.S.C. § 552(a)(6)(A), which gives an agency ten days after the receipt of a request to make a "determination" whether to comply with the request, and to notify the requesting party of the determination. As described by the courts, a determination sent to a person requesting information must include at least four elements:

> (1) a statement of what the agency will release and will not release, including a list of the documents that are releasable and withheld;

> (2) a statement of the reasons for not releasing the withheld records;

> (3) a statement notifying the requesting person of his right to appeal to the head of the agency or seek judicial review of any adverse determination; and

> (4) if a fee is charged for releasing documents, a statement of why the agency believes that waiver or reduction of the fee is not in the public interest and does not benefit the general public, and a statement for the charges for document search and duplication of the releasable documents.

*Shermco Industries v. Secretary of the U.S. Air Force*, 452 F.Supp. 306, 317 (N.D. Tex.1978), reversed on other grounds 613 F.2d 1314 (5th Cir.1980). *See also* 10 C.F.R. 1004.7(b) (DOE requirements of form and substance of a denial of FOIA request).

■ In the instant case, VTC filed their FOIA request on August 30, 1985. Defendants have consistently maintained throughout this suit that DOE did not make any decision regarding release of the 66 documents until December 20. Thus, it strikes the court as silly that defendants argue the inconsistent position that VTC should have exhausted an administrative remedy before coming to this court. VTC had no decision from which it could appeal to the DOE Office of Hearings and Appeals, as defendants argue they should. Moreover, defendants' argument flies directly in the face of § 552(a)(6)(C), which explicitly contemplates the situation encountered by VTC here. Because DOE failed to make a determination on VTC's request within the statutorily required time period, VTC is properly before this court, and the defendants' motion to dismiss must fail.

■ Before turning to the attorney fees issue on which the parties disagree, the court pauses to note that at the hearing of February 18, 1986, the parties made clear that there are no longer any requests before the court for the release of additional information. DOE has released the bulk of the substance of the 66 documents, and VTC does not challenge DOE's withholding of any of the withheld documents. Since the underlying substantive claim in this matter is now moot, VTC's request for a preliminary and permanent injunction against the defendants' wrongful withholding of documents is dismissed without prejudice.

The court now turns its attention to VTC's motion for attorney fees. For the reasons set forth below, the court is convinced that an award of attorney fees is unwarranted in this case, and denies the motion in full.

■ FOIA gives district courts authority to award attorney fees to certain FOIA litigants. In order to recover attorney fees under FOIA, a complainant must satisfy both parts of a two-part inquiry. First, the complainant must "substantially prevail" in the FOIA litigation. Second, the complaint must demonstrate that he is "entitled" to the award in accordance with a multi-factor discretionary analysis. *See, e.g., Weisberg v. U.S. Dept. of Justice,* 745 F.2d 1476, 1495 (D.C.Cir.1984) rehearing denied, 763 F.2d 1436 (1985). *See also Murty v. Office of Personnel Management,* 707 F.2d 815, 816 (4th Cir.1983). In this case, the court finds it unnecessary to reach the questions of VTC's entitlement to an award of attorneys fee, for the court is convinced that VTC has not substantially prevailed.

■ In determining whether an FOIA complainant has substantially prevailed, it is well established that the inquiry is largely a question of causation. While it is clear that a court order compelling disclosure is not a prerequisite for an award, *see Public Law Educ. Inst. v. U.S. Dept. of Justice,* 744 F.2d 181, 183 (D.C.Cir.1984), it is also clear that complainant cannot simply rely on the maxim *post hoc, ergo propter hoc* to justify his award. *See Sweatt v. U.S. Navy,* 683 F.2d 420, 423 (D.C.Cir.1982). Instead, "the party seeking such fees in the absence of a court order must show that the prosecution of the action could reasonably be regarded as necessary to obtain the information ... and that a causal nexis exists between that action and the agency's surrender of that information." *Cox v. Dept. of Justice,* 601 F.2d 1, 6 (D.C.Cir. 1979). The mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation. *Weisberg,* 745 F.2d at 1496.

■ Whether a party has demonstrated causation in a particular case is a factual determination that is within the province of this court to resolve. In making this determination, this court must consider "whether the agency upon actual and reasonable notice of the request, made a good faith effort to search out material and to pass on whether it should be disclosed." *Cox,* 601 F.2d at 6. In addition, the court should consider such factors as the number of requests pending before the agency and the time consuming nature of the search and decisionmaking process. *Weisberg,* 601 F.2d at 1496. Indeed, if "rather than the threat of an adverse court order ... an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit." *Cox,* 601 F.2d at 6.

In the instant case, the court is unable to conclude that the current suit caused the release of the sought material. Rather, the court notes that there were approximately 19 requests pending at the time the VTC request was received by IG, and that VTC's request required the review of approximately 190 pages of documents. The court further notes that despite the length of the request and the fact that there were many other requests pending, DOE began immediately processing the VTC request when it learned of VTC's predicament. While expediting the request as an accommodation to VTC, DOE was hampered by

the vacation of an attorney in OGC. The extensive deletions and withholding of documents from the 66 documents requested makes clear that considerable time and effort was needed to properly comply with the VTC request. In addition, VTC counsel was kept up to date on DOE's progress in reviewing the documents. Finally, VTC does not allege any bad faith on the part of DOE.

While it is true that the documents were released approximately two weeks after suit was filed, the record makes clear that the filing of suit did not cause the documents' release. Instead, it appears that DOE was making a conscientious, indeed magnanimous, effort to respond to VTC's request. It appears to the court that the filing of this suit did not contribute in any way to the release of the documents requested by VTC. Because VTC has not substantially prevailed within the meaning of FOIA, its motion for attorney fees is denied.

### CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is denied, plaintiff's motion for attorneys fees is denied, and the case is dismissed without prejudice.