976 F.2d 1444
 298 U.S.App.D.C. 140
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PUBLIC CITIZEN, et al., Appellants
v.
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION.
 Nos. 92-5126, 92-5130.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 3, 1992.
Rehearing and Rehearing En Banc
Denied Dec. 10, 1992.
 
 Before BUCKLEY, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's motion for summary reversal and the opposition thereto, and appellee's motion for summary affirmance, the opposition thereto, and the reply, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted in part. As to appellant's claims under 5 U.S.C. § 552(a)(4)(e) and 28 U.S.C. § 1927, the district court did not abuse its discretion in refusing to award attorney's fees. The merits of the parties' positions as to these issues are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be denied. It is
 
 
 4
 FURTHER ORDERED that the portion of the district court's order denying appellants' request for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A), be vacated and the case is hereby remanded to the district court to enter findings of fact and conclusions of law regarding whether appellant is entitled to an award of attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ORDER
 
 6
 Dec. 10, 1992.
 
 
 7
 Upon consideration of appellants' petition for rehearing, filed October 19, 1992, it is
 
 
 8
 ORDERED, by the court, that the petition be denied. Because 28 U.S.C. § 2412(d)(1)(A) provides that the district court "shall" award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust," findings of fact are required on the questions of whether appellants prevailed and whether the position of the United States was substantially justified. See Public Citizen Health Research Group v. Young, 909 F.2d 546, 549-52 (D.C. Cir. 1990). In contrast, 5 U.S.C. § 552(A)(4)(E) provides that the district court "may assess" fees against the United States if "the complainant has substantially prevailed." The district court may, in its discretion, decline to award fees to a prevailing party under 5 U.S.C. § 552(a)(4)(E). See Cox v. United States Department of Justice, 601 F.2d 1, 7 (D.C. Cir. 1987) (per curiam).