**PUBLIC LAW EDUCATION INSTITUTE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

Civ. A. No. 82–1212.

United States District Court, District of Columbia.

Jan. 18, 1983.

Peter V. Berns, Douglas L. Parker, Washington, D.C., for plaintiff.

Barbara L. Gordon, Leland Ware, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiff now applies for legal fees and expenses in this Freedom of Information Act (FOIA) case. Plaintiff had unsuccessfully sought under the Act any rules or guidelines of the Department of Justice governing the prosecution of individuals evading draft registration required by the Military Selective Service Act, 50 U.S.C. App. § 451 *et seq.*

Four documents pertinent to plaintiff's FOIA request were located but withheld by the Department as exempt from disclosure under FOIA exemptions 2 and 5. 5 U.S.C. § 552(b)(2) and (b)(5). Plaintiff filed its complaint on April 30, 1982. On August 17 and 18, 1982, two of the documents at issue were released by a government attorney to rebut a claim of selective prosecution in the case of *United States v. Sasway,* 686 F.2d 748 (S.D.Cal.). Sometime about September 3, the Department then released the same two documents to plaintiffs inasmuch as they were no longer private. On September 21, 1982, this Court issued an Order denying plaintiff's demand for the other two documents still at issue on the ground they were exempt under 5.

Plaintiff now seeks $7,776.00 in attorneys' fees and $94.20 in expenses on the ground it was a "prevailing party" under 5 U.S.C. § 552(a)(4)(E). Award of fees and expenses is denied.

A party who has received documents under FOIA absent a court order has "substantially prevailed" if the filing of the action could reasonably be regarded as necessary to obtain the information and there is a "causal nexus" between the Court action and the agency's release of the information. *Fund for Constitutional Government v. National Archives and Records Service*, 656 F.2d 856, 871 (D.C.Cir.1981). Plaintiff has completely failed to show such a nexus. No evidence has been presented to suggest that the documents at issue would have been released if they had not been disclosed by the government to meet issues raised in *Sasway*. There is, moreover, no proof that the documents were ever withheld improperly.

Even if plaintiff could be said to have substantially prevailed, it would still be only eligible—but not entitled—to pursue some sort of attorneys' fee claim. *Fund for Constitutional Government, supra* at 870. Plaintiff's interest in the documents was primarily commercial (plaintiff publishes the *Military Law Reporter*, a legal reporting service). Plaintiff's suggested public benefit from disclosure of the documents—"to provide the public with quality information concerning military affairs"—is one that would seem to inure peculiarly to those individuals who have refused to register. Although this Court never reached the merits of the Department's claim of exemption as to the documents disclosed in *Sasway*, the Department's other claims of exemption were upheld. Finally, beyond the initial drafting of the complaint most if not all time spent by plaintiff's attorneys could, in any case, have had no affirmative effect on disclosure. These factors counsel that this Court, in any event, exercise its discretion against awarding plaintiff attorneys' fees. *Cox v. United States Department of Justice*, 601 F.2d 1, 7 (D.C.Cir.1979). Accordingly, plaintiff's motion for award of attorneys' fees and expenses is denied.