**PUBLIC LAW EDUCATION INSTITUTE, Appellant**

v.

**U.S. DEPARTMENT OF JUSTICE.**

No. 83–1315.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 9, 1983.

Decided Sept. 18, 1984.

Douglas L. Parker, Washington, D.C., for appellant.

Barbara L. Gordon, Atty., Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed and Leland Ware, Atty., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before BORK and STARR, Circuit Judges and JAMES E. DOYLE,* Senior

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

District Judge for the Western District of Wisconsin.

Opinion for the Court filed by Circuit Judge STARR.

STARR, Circuit Judge.

This appeal from a denial of attorney's fees stems from an action brought by the Public Law Education Institute (PLEI) against the United States Department of Justice (DOJ or Justice Department) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). The action sought to compel the disclosure of certain documents with respect to Justice Department guidelines governing the prosecution of individuals who failed to register with the Selective Service. While the action was pending, DOJ released two of the contested documents in its prosecution of a wholly unrelated criminal case in California. Copies of those two released documents were then furnished to PLEI. DOJ persisted in its refusal to disclose the two remaining documents, and the District Court denied PLEI's request to compel disclosure. PLEI thereupon moved, pursuant to 5 U.S.C. § 552(a)(4)(E), for an award of reasonable attorney's fees and other litigation costs. PLEI appeals from the denial of that motion. *See Public Law Education Institute v. Department of Justice*, 556 F.Supp. 476 (D.D.C.1983), (*PLEI*). We affirm.

I

The facts of this case are simple and undisputed. Appellant PLEI is the publisher of the *Military Law Reporter*, a legal reporting service that regularly includes reports on Selective Service law. On September 14, 1981, PLEI requested that the Justice Department release copies of any and all rules or guidelines issued within a particular timespan by or within DOJ governing prosecutions under the Military Selective Service Act, 50 U.S.C.App. §§ 451–71 (1976). Appendix (App.) at 9–10. DOJ responded on November 10, 1981, representing that it had located four documents pertinent to PLEI's request but denying

PLEI access, claiming exemptions under 5 U.S.C. § 552(b)(2), (b)(5) and (b)(7)(A). App. at 21. On November 20, 1981, PLEI filed an administrative appeal with the Assistant Attorney General, Office of Legal Policy (OLP). App. at 22–23. On December 22, 1981, OLP informed PLEI that, due to a substantial backlog of already pending appeals, a response to PLEI's appeal would be delayed. App. at 24. When it was disclosed in response to a March 3, 1982, oral inquiry that it would take DOJ several months to reach a decision, PLEI filed, on April 30, 1982, an FOIA complaint in the District Court.

On July 19, 1982, DOJ filed a motion for summary judgment. Accompanying the motion was the declaration of the Chief of the Freedom of Information Act and Privacy Act Unit within OLP. The declaration (1) released all but three and one-half lines of one of the documents, (2) described the remaining documents, and (3) claimed section 552(b)(2) and (b)(5) exemptions for the undisclosed material. App. at 31–40. On July 29, 1982, PLEI moved for leave to amend its complaint to include documents sought in a separate, later FOIA request, and on August 16, 1982, PLEI filed a motion for summary judgment.

On August 17 and 18, 1982, a hearing was held in San Diego in the criminal case *United States v. Sasway*, Crim. No. 82–0504 (S.D.Cal.1982). *See PLEI, supra*, 556 F.Supp. at 447. In that hearing, DOJ, in order to refute a defense claim of selective prosecution, publicly disclosed its guidelines for prosecuting Selective Service nonregistrants. *Id.* Those guidelines and the cover letter transmitting the guidelines to United States Attorneys were two of the four documents sought by PLEI. On or about September 3, 1982, after the guidelines became public in *Sasway*, they and the cover letter were released to PLEI. *Id.*

DOJ continued to defend its position with regard to the withholding of the two remaining documents. On September 21, 1982, the District Court issued an order refusing leave to PLEI to amend its complaint and granting summary judgment for

DOJ with regard to the two undisclosed documents, sustaining the claim of exemption under 5 U.S.C. § 552(b)(5). App. at 59–60.

Subsequently, PLEI moved for an award of attorney's fees and litigation expenses, pursuant to 5 U.S.C. § 552(a)(4)(E). The District Court denied PLEI's motion, holding that PLEI had not substantially prevailed in the FOIA action, as required under section 552(a)(4)(E), because no causal nexus had been shown between PLEI's action and the release of the two documents PLEI received. Alternatively, the District Court held that even if PLEI had substantially prevailed and was *eligible* for attorney's fees, an analysis of the factors enumerated in *Cox v. United States Department of Justice*, 601 F.2d 1, 7 (D.C.Cir. 1979), for *entitlement* to such fees, showed that PLEI was not so entitled.

## II

■■■ An award of attorney's fees and litigation costs incurred in pressing an FOIA claim may be made only if the complainant has substantially prevailed. 5 U.S.C. § 552(a)(4)(E). While it is clear that a court order compelling disclosure is not a prerequisite for an award,[1] it is also clear that more than *post hoc, ergo propter hoc* must be shown.[2] An FOIA litigant seeking attorney's fees must show that "prosecution of the action could reasonably be regarded as necessary to obtain the information ... and that a causal nexus exists between that action and the agency's surrender of the information ...." *Cox v. United States Department of Justice, supra*, 601 F.2d at 6 (citations omitted); *see also Sweatt v. United States Navy, supra*,

683 F.2d at 423–24; *Church of Scientology v. Harris, supra*, 653 F.2d at 588.

■■■ To be sure, the Justice Department's release of the two documents at issue in the attorney's fees motion did occur after the filing of an FOIA complaint. However, the initial release of the documents occurred in an unrelated criminal case. Only then did DOJ release the documents to PLEI, specifically representing to the District Court that "[i]n view of the public disclosure of the guidelines, [DOJ] will discontinue its efforts to withhold these materials." Filing of September 3, 1982, App. at 44. The Justice Department released only those documents which had already been publicly disclosed; it did not release the other documents that were the subject of PLEI's FOIA action. The District Court thus concluded that PLEI failed to show a causal nexus between its FOIA action and DOJ's release of the documents.

Our review of the District Court's conclusion that PLEI did not substantially prevail in the litigation, so as to be eligible for attorney's fees, is narrow in scope. The findings of fact underlying a conclusion as to whether an FOIA litigant has substantially prevailed are reviewed under a clearly-erroneous standard. *See Sweatt v. United States Navy, supra*, 683 F.2d at 425; *Crooker v. United States Department of the Treasury, supra*, 663 F.2d at 142. In this case, there is no dispute as to the findings of fact. Thus, the District Court's findings of fact are manifestly not clearly erroneous.

Nor is there any indication that in reaching its conclusion the District Court applied an improper legal standard to those findings of fact.[3] PLEI would have us find

1. *Sweatt v. United States Navy*, 683 F.2d 420, 423 (D.C.Cir.1982); *Fund for Constitutional Government v. National Archives & Records Service*, 656 F.2d 856, 871 (D.C.Cir.1981); *Church of Scientology v. Harris*, 653 F.2d 584, 587 (D.C. Cir.1981); *Crooker v. United States Department of the Treasury*, 663 F.2d 140, 141 (D.C.Cir. 1980); *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979); *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 708 (D.C.Cir.1977); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (D.C.Cir.1977).

2. *Sweatt v. United States Navy, supra*, 683 F.2d at 423; *Church of Scientology v. Harris, supra*, 653 F.2d at 587–88; *Cox v. United States Department of Justice, supra*, 601 F.2d at 6.

3. *See generally United States v. Singer Manufacturing Co.*, 374 U.S. 174, 194 n. 9, 83 S.Ct. 1773, 1784 n. 9, 10 L.Ed.2d 823 (1963); *Federal Trade Commission v. Texaco, Inc.*, 555 F.2d 862, 876 n. 29 (D.C.Cir.), *cert. denied sub nom. Standard Oil Co. v. Federal Trade Commission*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977); *see also* 9

legal error by interpreting the causal nexus requirement in significantly weakened form. PLEI argues that an FOIA plaintiff need not show that its suit was a direct cause of the release of the documents sought. Appellant's Brief at 28. However, the cases cited for this proposition fail to support it. In each case, the release of the documents was directly attributable to the plaintiff's FOIA action.[4] Alternatively, PLEI invites us to infer causality from the timing of the release of the documents. Appellant's Brief at 32–33. Such an inference, however, would be contrary to the law of this Circuit.[5]

There is no indication in the record or in the District Court's findings of fact that would indicate that the PLEI action influenced the DOJ decision to release the documents in *Sasway*. Nor is there any indication that DOJ simply abandoned its defenses to PLEI's claim. The District Court appears to have understood, and to have correctly applied, the causal nexus requirement. Accordingly, we must accept the District Court's finding that PLEI was not eligible for an award of attorney's fees.

Only movants who have prevailed substantially, and are therefore eligible, may be found entitled to an award of attorney's fees and litigation expenses under section 552(a)(4)(E). *See Fund for Constitutional Government v. National Archives & Records Service, supra,* 656 F.2d at 870; *Church of Scientology v. Harris, supra,* 653 F.2d at 587; *Nationwide Building Maintenance, Inc. v. Sampson, supra,* 559 F.2d at 709. Since PLEI is not eligible for an award of attorney's fees and litigation expenses, we have no occasion to comment on the factors that would bear on· PLEI's entitlement.[6]

For the foregoing reasons, the judgment of the District Court is

*Affirmed.*

C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2585, at 733–34 (1971).

4. In *Fund for Constitutional Government v. National Archives & Records Service, supra,* the FOIA litigation was held to be the direct cause of the release of the documents sought. While the transfer of records to the Archives, as part of the termination of the Watergate Special Prosecution Force (WSPF), was a cause of the release, it was the duty the Archives inherited from WSPF, as an FOIA defendant, that led the Archives to review and release documents earlier sought from WSPF.

Similarly, in *Church of Scientology v. Harris, supra,* certain files were searched only in response to FOIA litigation. The search disclosed two hundred documents, of which roughly two-thirds were released. The pre-litigation reply to the original FOIA request had claimed that only six items fell within the scope of the request.

Finally, in *Cuneo v. Rumsfeld, supra,* it was only after the district court appointed a special master to review the requested material that the Government dropped the position it had held for eight years and released the document that had been requested. Each case therefore exhibits a strong causal connection between the litigation and the release not to be found in the instant case.

5. An inference purely from the timing of the release would be an adoption of a *post hoc, ergo propter hoc* analysis and would be contrary to this Court's decisions in *Sweatt v. United States Navy, supra,* 683 F.2d at 423; *Church of Scientology v. Harris, supra,* 653 F.2d at 587–88; and *Cox v. United States Department of Justice, supra,* 601 F.2d at 6. While the temporal relation between an FOIA action and the release of documents may be taken into account in determining the existence *vel non* of a causal nexus, timing, in itself or in conjunction with any other particular factor, does not establish causation as a matter of law.

6. Specifically, we refrain from comment on the District Court's characterization of PLEI's interests as commercial and on the suggestion that the only segment of the public likely to be interested in the documents consists of those individuals who have refused to register with the Selective Service.