**542**

MISSISSIPPI ASSOCIATION OF
COOPERATIVES, Plaintiff,

v.

FARMERS HOME ADMINISTRATION,
et al., Defendants.

Civ. A. No. 90–1601 (HHG).

United States District Court,
District of Columbia.

Oct. 4, 1991.

Motion for Reconsideration
Denied Nov. 12, 1991.

Benjamin W. Boley, Nancy B. Stone, Shea & Gardner, Washington, D.C., David Harris, Land Loss Prevention Project, Durham, N.C., Randi Ilyse Roth, James T. Massey, Farmers' Legal Action Group, Inc., St. Paul, Minn., for plaintiff.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

This is a FOIA action [1] in which plaintiff has sought information pertaining to complaints, statistical reports, and investigations that concerned racial discrimination within the Farmers Home Administration (FmHA). Although there has been some dispute amongst the parties regarding the extent and nature of compliance by the government, it now appears that the bulk of the documents sought by plaintiff have been provided and that any and all outstanding documents will be identified and released.[2] The FOIA requests by plaintiffs would appear to be moving toward a successful conclusion.

---

1. Freedom of Information Act, 5 U.S.C. § 552 (1988).

2. At a status call on September 12, 1991, the Court issued an oral order that the plaintiffs list the remaining documents that have been requested but not provided.

Now, however, plaintiffs have filed a motion for leave to amend their complaint in order to add new claims and new parties. The new claims relate to information alleged to be contained in the documents requested by plaintiffs pursuant to FOIA.[3] Two of the proposed complaints[4] involve the FmHA's FOIA policy, but the remainder are substantive allegations involving racial discrimination and violations of the Administrative Procedure Act. The government opposes the motion for leave to amend. For the reasons set forth below, the motion will be denied except as to those portions that relate to FOIA.

 Rule 15 of the Federal Rules of Civil Procedure requires leave of court in order to file an amended complaint once a responsive pleading to the initial complaint has been served. That leave, however, "shall be freely given when justice so requires." Fed.R.Civ.P. 15. Consequently, leave to amend is to be granted absent bad faith, dilatory motive, undue delay, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), or prejudice on the non-moving party, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Nonetheless, the decision to grant leave rests in the discretion of the court. *Foman, supra*, 371 U.S. at 182, 83 S.Ct. at 230.

 In this case there has not been bad faith, dilatory motive or undue delay in the filing of this motion. And while the government argues that it would be prejudiced if leave to amend were granted, the Court finds that resolution of this issue is unnecessary to a determination of the mo-

---

3. Plaintiff requests leave to:

 1. Bring the factual allegations in the FOIA claim up to date;
 2. Add a new claim for relief which alleges that the government's policy is to fail to [sic] adequately respond to FOIA requests regarding discrimination against African–American farmers;
 3. Add a new claim for relief which alleges that the government's exclusion of complaints of race discrimination from FmHA's independent appeals process
 a) was effected through adoption of a rule in violation of the notice and comment requirements of the Administrative Procedure Act;
 b) is arbitrary, capricious, and an abuse of discretion; and
 c) is contrary to law because it violates the rights of FmHA applicants and borrowers to an independent appeal, 7 U.S.C. § 1098b, and violates the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*
 4. Add a new claim for relief which alleges that the government's process for investigating and resolving complaints of race discrimination is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.
 5. Add a new claim for relief which alleges that the government's persistent refusal to comply with civil rights regulations is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.
 6. Add additional parties plaintiff, class allegations, and a request for class certification in the Prayer for Relief.
 7. Add the Secretary of the United States Department of Agriculture, the Director of USDA–OAE, and the Administrator of the FmHA as parties defendant.
 8. Add a request for declaratory relief declaring illegal
 a) the Defendants' policy of failing to respond adequately to FOIA requests regarding race discrimination against African–American farmers;
 b) the Defendants' exclusion of race discrimination complaints from the independent appeal process;
 c) the Defendants' systemic failure to properly investigate and resolve complaints of race discrimination; and
 d) the Defendant FmHA's systematic and conscious refusal to comply with civil rights regulations.
 9. Add a request in the Prayer for Relief for a permanent prohibitory injunction enjoining the government
 a) from pursuing a policy of failing to respond to FOIA requests;
 b) from excluding complaints of discrimination from the independent appeal process;
 c) from failing or refusing to issue regulations, pursuant to notice and comment, which contain adequate procedural and substantive standards for resolving complaints of discrimination;
 d) from violating civil rights regulations when conducting required civil rights enforcement efforts; and
 e) from taking any adverse action against any class member until a notice of the opportunity to have denials of FmHA services that class members believe were racially motivated reviewed by a magistrate or special master appointed by this Court.

4. The portions of the proposed complaint identified as 8(a) and 9(a). *See supra* note 3.

tion. The issue in this case is whether the proposed amended complaint is so unrelated to the original cause of action as to have no substantive connection to the FOIA claims and would radically alter the nature and scope of the case. *See Caton v. Barry*, 500 F.Supp. 45, 54 (D.D.C.1980).

Generally, where leave to amend has been granted, the amended complaint has related in a substantive way to the original complaint. For example, *Foman v. Davis*, the seminal case on which liberal construction of Rule 15 has been based, involved a proposed amended complaint that would have simply stated an alternative theory of relief. *Foman, supra*, 371 U.S. at 182, 83 S.Ct. at 230. The plaintiff's initial complaint had been dismissed for failure to state a claim and she was subsequently denied leave to amend.

Like *Foman*, many courts have granted leave to amend so that a new theory could be added to the claim. *See, e.g., Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir.1972) (plaintiffs amended a questionable legal theory with a more solid argument); *Aalco Constr. Co. v. F.H. Linneman Constr. Co.*, 399 F.2d 516 (10th Cir.1968) (leave to amend to change basis for breach of contract claim from a written to an oral promise); *Alaska Helicopters, Inc. v. Whirl-Wide Helicopters, Inc.*, 406 F.Supp. 1008 (D.Alaska 1976) (when language of contract barred suit, leave to amend was granted to add quantum meruit theory); Wright, Miller and Kane, *Federal Practice and Procedure*, § 1474 n. 10.

Courts have also granted leave to amend so that additional claims could be brought. Even in these cases, however, there has been a substantive relationship between the claims. *See, e.g., Martin v. Virgin Islands Nat. Bank*, 455 F.2d 985 (3d Cir. 1972) (false arrest claim amended to add false imprisonment claim); *Lakeside v. Freightliner Corp.*, 612 F.Supp. 10 (D.Or. 1984) (retaliatory layoff claim amended to include wrongful discharge); *see generally* Wright, Miller and Kane, *Federal Practice and Procedure*, § 1474 n. 12. Similarly, in FOIA cases, leave to amend has been granted so that further requests for documents could be added. *See, e.g., Spannaus v. Department of Justice*, 824 F.2d 52 (D.C.Cir.1987); *Public Law Education Institute v. Department of Justice*, 744 F.2d 181 (D.C.Cir.1984); *LaRouche v. Webster*, No. 75 Civ. 6010, 1984 WL 1061 (S.D.N.Y. October 23, 1984).

■ Where, however, the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied. *Caton v. Barry*, 500 F.Supp. 45, 52 (D.D.C.1980); *Clark v. Lomas & Nettleton Financial Corp.*, 79 F.R.D. 641, 647–48 (N.D.Tex.1978). The concern in *Foman*, as in subsequent lower court cases, was that leave to amend should be granted liberally in order to ensure that litigants have their day in court. By contrast, plaintiffs in the instant case would have the sun never set on their's or any case. Leave to amend here would do far more than allow plaintiff to fully litigate all the legal dimensions of their initial action, it would permit plaintiff to transform their case into something entirely new.

Plaintiff argues that the proposed amended complaint relates to the FOIA action because the allegations in the new complaint would be based on the contents of the documents discovered in the FOIA proceedings. This argument proves too much. The FOIA action involves the access rights of the plaintiff to government documents and the rights of the government to withhold certain documents under certain circumstances. The contents of those documents are relevant only to the extent that they bear on the issue of public disclosure. Whatever other issues the contents may raise, and however viable a cause of action they may provide, such issues are not related, legally or factually, to the FOIA action. Moreover, if plaintiff is correct, FOIA actions could routinely serve as springboards to other lawsuits based on the documents received in the FOIA case. This would be a vast extension of Rule 15.

Plaintiffs rely on *Sinclair v. Kleindienst*, 645 F.2d 1080 (D.C.Cir.1981), which

involved a *Bivens* action arising out of FBI wiretaps argued to be unconstitutional. *Id.* at 1084. Through the release of documents made under FOIA, plaintiffs learned the identities of the FBI agents involved in the wiretaps. Plaintiffs thereafter sought leave to amend their complaint in order to replace John Doe defendants with the actual FBI agents. *Id.* at 1085.

*Sinclair* therefore does not stand for the proposition that a FOIA action may be transformed into another suit. First, *Sinclair* was not a FOIA action. Second, and most importantly, the amended complaint clearly related to and augmented the original complaint. In *Sinclair,* Rule 15(a) functioned within far more modest limits than this plaintiff suggests. Rule 15(a) provides a party with the opportunity to perfect its initial complaint by strengthening or correcting an original deficiency. Leave to amend is not, however, a process of metamorphosis.

The vast majority of the claims in plaintiff's proposed amended complaint relate to policies or procedures within the FmHA that allegedly violate civil rights laws and the Administrative Procedure Act. These claims have no relationship to the original suit, and amendment of the complaint in this regard would radically shift the scope and nature of the litigation. Because the complaint, as amended, would be so different it cannot be said that leave to amend in this case would promote judicial economy.[5] Nor is plaintiff prejudiced because it is free to bring the proposed amended complaint as a separate, new action.

In a similar vein, defendant makes the point that under the Local Rules plaintiff's new claims, if brought as a separate action, would not qualify for designation as related case. In order for a case to be deemed related it must:

(i) relate to common property, or

(ii) involve common issues of fact, or

(iii) grow out of the same event or transaction, or

(iv) involve the validity or infringement of the same patent.[6]

As discussed above, plaintiff's new claims do not meet these criteria, except for those claims challenging the FmHA's policy for dealing with FOIA requests. On this basis, leave to amend will be granted as to the claims that plaintiff has designated in its motion as 8(a), alleging that defendant does not, as a policy, adequately respond to FOIA requests regarding race discrimination, and 9(a), which seeks an injunction against the alleged failure to respond to such FOIA requests. The other proposed claims constitute such a distinctly separate action that justice does not require leave to amend under Rule 15(a).

Accordingly, it is this 4th day of October, 1991

ORDERED that plaintiff's motion for leave to amend be and it is hereby granted in part and denied in part; and it is further

ORDERED that plaintiff's motion for leave to amend be and it is hereby granted as to claims 8(a) and 9(a); and it is further

ORDERED that plaintiff's motion for leave to amend be and it is hereby denied as to all other claims.

## ON MOTION FOR RECONSIDERATION

This action was brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff has sought a number of documents from defendant FmHA regarding the manner in which the agency handles complaints of race discrimination. Several months later, when the FOIA action was near successful conclusion, plaintiff sought leave to amend the complaint in order to add an array of claims regarding substantive violations of civil rights laws

---

**5.** Plaintiff cites *Jones v. New York City Human Resources Admin.,* 539 F.Supp. 795 (S.D.N.Y.1982), for the proposition that leave to amend should be granted, even where another, separate suit could be filed, in order to promote judicial economy. But in *Jones,* the amended complaint simply added a demand for attor-

neys' fees to a Title VII. *Id.* at 801. The relationship between those two claims is precisely what is lacking in plaintiff's proposed amendment in this case.

**6.** Local Rule 405(a)(3) of the United States District Court for the District of Columbia.

and the Administrative Procedure Act in the form of a class action suit.

By Memorandum and Order on October 4, 1991, this Court granted in part and denied in part plaintiff's motion for leave to amend. The Court permitted plaintiff to amend the complaint to add only those allegations that pertain to defendants' policy for responding to FOIA requests. The Court refused to allow the substantive, civil rights and APA allegations because they constituted a distinct, separate action that would have radically transformed the lawsuit. Slip op. at 10. Plaintiff has now filed a motion for reconsideration. For the reasons set forth below, the motion will be denied.

 Plaintiff essentially argues that at the time of its October 4, 1991 ruling, the Court did not have before it the plaintiff's reply to defendants' opposition, which it timely filed on October 7, 1991. Plaintiff's motion for reconsideration merely appends their reply memorandum and surprisingly does not address directly the Court's ruling. Yet a motion for reconsideration must address new evidence or errors of law or fact and cannot merely reargue previous factual and legal assertions. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985); *Natural Resources Defense Council v. Environmental Protection Agency*, 705 F.Supp. 698, 700 (D.D.C.), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C.1989). Plaintiff's motion fails to address the bulk of the analysis in the Court's October 4 Memorandum and Order.

The plaintiff makes one general argument that merits discussion. Plaintiff argues that the FOIA claims are factually related to the substantive civil rights and APA claims. The recalcitrance of the FmHA in responding to FOIA requests dealing with civil rights issues, plaintiff claims, is part of the agency's racially discriminatory policies. Accordingly, plaintiff suggests that if the substantive claims were filed separately they would be related

to the FOIA action under Local Rule 405(a)(3).

The issues are related, however, in only the most abstract, global sense. While ultimately the plaintiff's claims may rest in a single policy at the agency, the facts to be proven in each case—failure to comply with FOIA requests, on the one hand, and discriminatory treatment of individuals, on the other—are quite distinct and unrelated. Indeed, at some abstract level nearly any set of cases could be said to be based, in some sense, in a common set of facts.[1]

As this Court has already noted, the FOIA action involves access rights to government documents and the right of the government to deny access in certain situations. If defendants have a policy that bears on the release of documents under FOIA, the issue is related and this Court has already permitted such an amendment. But plaintiff did not come before this Court seeking a declaratory judgment concerning civil rights policies of defendant and then discover documents that supplemented or augmented the original claims. Rather, plaintiff simply sought documents under FOIA which they have generally received. This case is and will remain a FOIA action.

Upon consideration of plaintiff's motion for reconsideration, the opposition by the government, and the entire record herein, it is this 8th day of November, 1991

ORDERED that the motion for reconsideration of the Court's order of October 4, 1991 be and it is hereby denied.

---

1. For example, a suit against a defendant by one plaintiff in tort for personal injuries and another suit by a different plaintiff against the same defendant for breach of contract could both involve proof that defendant keeps poor records. Neither case, however, could be said to be related.