Peggy CHILDERS, Plaintiff,

v.

Norman Y. MINETA, Secretary of Transportation, Defendant.

No. CIV.A.97–853(RMU).

United States District Court, District of Columbia.

Nov. 26, 2001.

Jeffrey T. Green, michael L. Post, Sidley Austin Brown & Wood, Washington, DC, for plaintiff.

Heather Jean Kelly, United States Attorney's Office, Washington, DC, for defendant.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

### I. INTRODUCTION

This employment-discrimination matter comes before the court upon the plaintiff's motion for leave to amend the complaint. The plaintiff is suing her employer, the Secretary of the Department of Transportation ("the defendant" or "DOT"), alleging failure to reasonably accommodate the plaintiff's disability in violation of 29 U.S.C. §§ 791 and 794a, and race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* For the reasons that follow, the court will grant the plaintiff's motion for leave to amend the complaint.

### II. BACKGROUND

The plaintiff, Peggy Childers, is an African–American female who was an employee at the Federal Aviation Administration ("FAA"), a component of DOT, from July 1987 to June 1997. *See* Pl.'s Mot. for Leave to Amend ("Pl.'s Mot.") at 1. On April 25, 1997, the plaintiff filed a complaint, *pro se,* alleging discrimination and retaliation in violation of Title VII, based on events occurring between October 1992 and March 1994. *See* Pl.'s Mot. at 1.

Subsequently, on March 23, 1999, the court granted in part and denied in part the defendant's motion for summary judgment. On August 31, 1999, the court appointed counsel to represent the plaintiff, and an attorney for the plaintiff entered an appearance on October 20, 1999. Simultaneously, the plaintiff was litigating additional claims *pro se* against the defendant through the administrative process. *See* Am. Compl. at 1.

On July 24, 2000, the plaintiff filed a motion for reconsideration of the court's order of March 23, 1999 and a motion to reopen discovery. On September 18, 2000, the court granted the plaintiff's motions, vacating the portion of the March 23 memorandum opinion and order that granted summary judgment to the defendant on the plaintiff's 1994 failure-to-promote claim. *See* Mem. Op. (Sep. 18, 2000). At the status hearing on June 4, 2001, the court scheduled the pretrial conference, the trial, and jury selection for the month of January 2002.

On June 18, 2001, the plaintiff learned that the defendant had issued a Final Agency Decision ("FAD") on several of the plaintiff's claims that are, according to the plaintiff, related to the claims in the plaintiff's original complaint. *See* Pl.'s Mot. at 2. The FAD cover letter notified the plaintiff that she had 30 days from the receipt of the final decision to appeal the decision, and that she had 90 days from her receipt of the letter or 180 days from the date of filing an appeal to bring an action in the United States District Court. *See* Pl.'s Mot. Ex. B at 1. On August 23, 2001, the plaintiff filed the instant motion for leave to amend the complaint.

The plaintiff's additional claims stem from events that took place from June 1996 to March 1997. *See* Am. Compl. ¶¶ 39–44, 47–58. These new claims include: (1) the defendant's failure to reasonably accommodate the plaintiff's disability, resulting in the constructive discharge of the plaintiff, in violation of 29 U.S.C. §§ 791 and 794a; (2) the defendant's retaliation against the plaintiff, because of her earlier equal employment opportunity complaints, in violation of Title VII; and (3) the defendant's discrimination against the plaintiff in violation of Title VII. *See* Am. Compl. ¶¶ 89–140. In addition to the

instant motion to amend the complaint, the plaintiff filed her new claims as a separate action in this court, Civil Action Number 01–1920, on September 12, 2001.

According to the plaintiff, the existing complaint and the proposed amended complaint contain claims dealing with the plaintiff's "constructive discharge in June 1997, which ultimately flowed from the denials of promotion and of permanent reassignment at issue in this case." *See* Pl.'s Mot. at 3. Also, the plaintiff alleges that the additional claims stem from the "misconduct by the same actors, including Frank Corpening and David Tuttle." *See id.*

The defendant opposes the plaintiff's motion for leave to amend the complaint, arguing that the motion is untimely. *See* Def.'s Opp'n at 4. Also, the defendant contends that the additional claims arise from employment in a "different locale," and the claims stem from a different set of facts and different "alleged discriminating officials ...." *See id.* The defendant also argues that the amendment would be futile based on improper venue because the events that gave rise to the claims did not occur in the District of Columbia ("the District") and the personnel and records are not located within the District. *See id.*

### III. ANALYSIS

#### A. Legal Standard for Motion for Leave to Amend the Complaint

■ Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...." FED. R. CIV. P. 15(a). Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.; see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The D.C. Circuit has held that for a trial court to deny leave to amend is an abuse of discretion unless the court provides a sufficiently compelling reason, such as "undue delay, bad faith, or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227). The court may also deny leave to amend the complaint if amending would cause the opposing party undue prejudice. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227. In sum, a district court has broad discretion in granting motions for leave to amend a complaint.

■ A court may deny a motion to · amend a complaint as futile when the proposed complaint would not survive a motion to dismiss. *See James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996) (internal citations omitted). When a court denies a motion to amend a complaint, the court must base its ruling on a valid ground and provide an explanation. *See id.* "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3] (3d ed.2000). If a litigant is *pro se,* however, that litigant should receive more latitude than parties represented by counsel "to correct defects in service of process and pleadings." *See Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

#### B. The Court Grants the Plaintiff's Motion for Leave to Amend the Complaint

Applying the factors the Supreme Court set forth in *Foman,* the court examines first, whether the plaintiff delayed, acted in bad faith, or has failed to correct defects by prior amendments; second, whether the amendment would be futile; and third, whether granting the plaintiff's motion to amend the complaint would prejudice the defendant. In short, the court grants the plaintiff's motion for leave to amend the complaint.

#### 1. The Plaintiff Did Not Unduly Delay, Act In Bad Faith or Fail to Correct Deficiencies

■ As an initial matter, the court rules that the plaintiff did not unduly delay or act

in bad faith. The plaintiff received the FAD in June 2001 and filed a motion for leave to amend in August 2001. As a precautionary measure, the plaintiff also filed a separate lawsuit on September 12, 2001, Civil Action Number 01–1920. Although the plaintiff waited two months to file the motion for leave to amend and to file a separate lawsuit, she is still within the boundaries of the applicable procedural law.[1] Significantly, the motion filed by the plaintiff is the first motion before the court for leave to amend the complaint in this action. Accordingly, the court finds that the plaintiff did not unduly delay, act in bad faith, or fail to correct deficiencies.

### 2. The Court Does Not Deny the Plaintiff's Motion on the Basis of Futility

■ The defendant focuses its opposition to the plaintiff's motion on futility, arguing that venue with respect to the additional claims is improper. *See* Def.'s Opp'n at 5–6. While a court *may* deny a motion to amend because the new complaint is futile, this is not a requirement. Because the plaintiff filed her original complaint *pro se, see Moore*, 994 F.2d at 876, and because the complaint is not clearly futile, *see* 3 Moore's Federal Practice § 15.15[3], the court will not deny the plaintiff's motion on the ground of futility.

### 3. Granting Leave to Amend Will Not Unduly Prejudice the Opposing Party

■ To determine whether to grant or deny a party's motion for leave to amend, the court should consider the threat of prejudice to the opposing party:

> This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1487 at 621, 623 (3d ed.2001). Applying these factors to the present case illustrates that granting leave to amend the complaint is not unduly prejudicial to the defendant.

■ The court notes that during the initial stages of litigation the plaintiff appeared *pro se.* In addition, the plaintiff did not include the additional claims in the original pleading because she was litigating them in a separate administrative action before the agency. Though amending the additional claims will cause some delay in the proceedings, this will not unduly prejudice the defendant.

The defendant argues that adding the plaintiff's new claims to the current claims would be unduly prejudicial because the two sets of facts are so different. *See* Def.'s Opp'n at 9–11. In *Mississippi Assn. of Cooperatives v. Farmers Home Admin.,* the court addressed the issue of prejudice to the defendant and noted that courts have granted leave to amend so that additional claims and a new theory could be added to the claim where a substantive relationship between the claims exist. *See* 139 F.R.D. 542, 544 (D.D.C.1991). However, the court also declared that an amendment should be denied if it would radically change the scope and nature of the case, and "bears no more than a tangential relationship to the original action . . . ." *See id.*

In this case, the additional claims as alleged in the amended complaint involve many of the same facts and "alleged wrongdoers" as the original complaint. *See* Pl.'s Reply at 6. Because the new claims flow from the first set of claims, the defendant's argument that the new claims would lead to jury confusion lacks merit. In fact, the new claims would connect the otherwise missing information that led to the plaintiff's constructive discharge in 1997. Here, the additional claims that the plaintiff seeks to amend bear a significant relationship to the original

---

1. A plaintiff is authorized to file a civil action (a) "[w]ithin 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed; [or] (b) [a]fter 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407

claims, and they do not radically alter the nature and scope of litigation. Accordingly, granting the plaintiff's motion for leave to amend is not unduly prejudicial to the defendant.

Finally, the additional claims relate closely to the scope of the present litigation. Therefore, granting leave to amend and thereby combining two civil actions would promote judicial economy. In light of the liberal standard set forth in Rule 15(a), the relatively minimal delay, and the lack of significant prejudice, the court will grant the plaintiff's motion for leave to amend the complaint.

## IV. CONCLUSION

For all these reasons, the court grants the plaintiff's motion for leave to amend the complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 26 day of November, 2001.