Edward and Cynthia BRICKER,
Plaintiffs,

v.

**FEDERAL BUREAU OF
INVESTIGATION,**
Defendant.

No. Civ.A. 97–2742(RCL).

United States District Court,
District of Columbia.

May 12, 1999.

**2**

informant investigating and reporting safety threats at the Hanford reservation. When Bricker's undercover work was discovered by the Department of Energy (DOE) and its contractors, Bricker apparently became the object of retaliation, allegedly including the wiretapping of his home phone and other means of surveillance.

In 1988, Bricker litigated an administrative action with the DOE seeking redress for the alleged retaliation. The case, which received a significant amount of national media attention, ultimately settled in 1995 for some $200,000.

In May of 1995, Bricker and his wife, suspecting that other government agencies may have been involved either in the retaliation itself or in the investigation of retaliation, submitted a FOIA request to the FBI. In June of 1995, the FBI responded that it had located approximately 370 responsive documents, and the Brickers promptly indicated their willingness to pay duplication costs. Plaintiffs then heard nothing from the FBI until late 1995, when they enlisted the aid of their senator in pushing for processing and release of the documents. The FBI responded to the Senator's inquiry in January and March of 1996, explaining that there was an administrative backlog and that the documents would be processed on a "first in, first out" basis. Nearly another full year later, the FBI informed the plaintiffs that their request was still pending, that further delays could be expected, and that their request would be administratively closed if they did not respond within thirty days. Plaintiffs responded immediately that they did wish to pursue their request. Finally, in November of 1997, two and one-half years after the filing of their request, plaintiffs filed this action under the FOIA.

Two months after filing suit, the Brickers filed a motion for a *Vaughn* index.[1] The FBI responded by moving for an

Alene Anderson, Government Accountability Project, Seattle, WA, Robert Charles Seldon, Sarah L. Levitt, Project on Liberty & The Workplace, Washington, DC, for plaintiffs.

Meredith Manning, United States Attorney's Office, Washington, DC, for defendant.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' petition for an award of reasonable attorneys' fees and costs. Upon consideration of the petition, the opposition thereto, and plaintiffs' reply, as well as the entire record in this case, the Court finds that the plaintiffs are not eligible for attorneys' fees and costs, and their petition will be denied.

### I. BACKGROUND

Plaintiff Edwin Bricker was employed as a Nuclear Operator at the Hanford Atomic Reservation in Richland, Washington from 1983 until 1991. During the late 1980s, Bricker acted as a secret congressional

---

1. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973).

*Open America* stay,[2] although shortly thereafter it released 39 pages of information to the Brickers and referred the remainder to the DOE for processing. On April 8, 1998, this Court granted plaintiff's motion for a *Vaughn* index and denied the FBI's motion for a stay under *Open America.* The Court's order permitted the FBI thirty days in which to complete its search and prepare and file a *Vaughn* index justifying any nondisclosure.

On May 8, 1998, the FBI released another 243 pages of information and moved for summary judgment. On July 10, 1998, the Court ordered the FBI to address several factual issues raised in plaintiffs' opposition. At oral argument on October 16, 1998, defendant clarified many questions for the Court, which led ultimately to this Court's order granting the FBI's motion for summary judgment on March 26, 1999. Also at oral argument, the FBI conceded that its initial search was inadequate as to one aspect of plaintiffs' request—information regarding training activities—, although it claimed that its "oversight" resulted from the plaintiffs' failure to provide them with sufficient information to do a search with reasonable effort. *See* Transcript of Hearing, 10/16/98, at 2–3.

Following the grant of summary judgment in favor of the FBI, plaintiffs filed this petition for reasonable attorneys' fees. Finding that the plaintiffs are ineligible for an award of fees and costs, the Court will deny the plaintiffs' petition.

## II. LAW AND APPLICATION

■ The FOIA provides for the award of attorneys' fees and costs in actions in which the plaintiff has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). To obtain an award, the plaintiff must demonstrate both (1) that he has "substantially prevailed" and is thus "eligible" for an award, and (2) that he is "entitled" to an award under a balancing of relevant factors. *See Northwest Coalition for Alter-*

*natives to Pesticides v. Browner,* 965 F.Supp. 59, 63 (D.D.C.1997) (citing *Weisberg v. DOJ,* 848 F.2d 1265, 1268 (D.C.Cir. 1988)). The Court finds that plaintiff has not met the first of these requirements.

■ A party is eligible for fees and costs under the FOIA if it can show that the litigation was "reasonably necessary" to obtain release of the requested information and that the litigation "substantially caused" such release. *See id.* (citing *Chesapeake Bay Found. v. Dept. Of Agriculture,* 11 F.3d 211 (D.C.Cir.1993) (*Chesapeake Bay I* )). It is not necessary that the party have received a favorable judgment ordering disclosure. *See, e.g., Fund for Constitutional Gov't v. National Archives & Records Serv.,* 656 F.2d 856, 871 (D.C.Cir.1981). Likewise, "the mere fact that a FOIA requester might have ultimately received the documents in question in the absence of litigation is not a sufficient basis for a finding that it has not substantially prevailed for purposes of an award of attorney fees." *Id.* On the other hand:

> If rather than the threat of an adverse court order a lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit.

*Cox v. DOJ,* 601 F.2d 1, 6 (D.C.Cir.1979).

Defendant argues that this action was not necessary and did not in fact cause the release of any documents. Rather, the FBI asserts that the plaintiffs' request had finally reached the "top of the pile" in the agency's processing queue and that all responsive, nonprivileged documents would have been released to the plaintiffs in more or less the same time frame without the litigation. Based on the record, the Court must agree with the defendant.

---

**2.** *See Open America v. Watergate Special Prose-* cution Force, 547 F.2d 605 (D.C.Cir.1976).

**4**

 This case is factually indistinguishable from *Lovell v. DOJ*, 589 F.Supp. 150 (D.D.C.1984), in which Judge John Lewis Smith held that plaintiff had not substantially prevailed and was thus ineligible for fees and costs. Judge Smith wrote:

It is true that nearly three years passed before defendant made a determination on plaintiff's request, and more importantly, that response came several months after plaintiff filed suit. The detailed documentation of defendant's search, however, reveals that the slow response was due to "an unavoidable delay accompanied by due diligence in the administrative processes ..." Defendant processes FOIA requests in "chronological order based on date of receipt;" given the number of requests, delay was unavoidable....

Moreover, unlike the situation in *Crooker v. United States Dep't of the Treasury*, [663 F.2d 140 (D.C.Cir.1980)], defendant was quick to respond to plaintiff's repeated inquiries about the delay. In summary, defendant made a good faith effort to search out material, and did not ignore or negligently fail to respond to plaintiff's repeated reminders that his request was outstanding. The Court therefore concludes that plaintiff has not substantially prevailed within the meaning of § 552(a)(4)(E).

*Id.* at 154 (internal citations and quotation marks omitted). The Court of Appeals[3] and, more recently, the Congress[4] have recognized the problem of administrative backlog in the processing of FOIA requests, and they have to a large degree validated the "first in, first out" system used by most, if not all, of the agencies. While the agencies should not be allowed to hide behind the FOIA backlog, in cases such as this one where the agency is reasonably responsive to inquiries about the status of the request and processes the request fairly according to the "first in, first out" protocol, the courts should re-

quire some showing of improper conduct or purpose before awarding fees and costs against the agency on the basis of delay alone. Although such allegations have been hinted at here, there has been no demonstration by the plaintiffs that the delay in disclosure was the result of anything other than ordinary administrative backlog. *Cf. Weisberg v. DOJ*, 745 F.2d 1476, 1497 (D.C.Cir.1984).

Plaintiffs were certainly reasonable in believing when they filed suit that such action was necessary to obtain the release of information responsive to their request in anything resembling a timely fashion. However, the record in this case shows that the lawsuit in fact did not cause the release of the responsive information. At most, the Court's April 8, 1998 order may have "hurried" the DOE along somewhat in its processing of the documents referred from the FBI, and the Court does not find this sufficient foundation on which to base a finding that the plaintiffs "substantially prevailed" within the meaning of the statute. Consequently, the Court finds that the plaintiffs did not substantially prevail in this action and thus are not eligible for attorneys' fees and costs. Their petition must be denied.

A separate order will issue this date.

---

**3.** *See Open America*, 547 F.2d 605 (D.C.Cir. 1976).

**4.** *See* 5 U.S.C. § 552(a)(6)(C)(i), (ii).