Edward and Cynthia **BRICKER,**
Plaintiffs,

v.

**FEDERAL BUREAU OF INVESTIGATION,**
Defendant.

**No. Civ.A. 97–2742(RCL).**

United States District Court,
District of Columbia.

Sept. 8, 1999.

---

**58**

Alene Anderson, Government Accountability Project, Seattle, WA, Robert Charles Seldon, Project on Liberty & The Workplace, Washington, DC, for plaintiff.

Meridith Manning, AUSA, United States Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM ORDER

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' motion to alter or amend the judgment entered May 12, 1999. Upon consideration of plaintiffs' motion, defendant's opposition, plaintiffs' reply, and the record in this case, the motion to alter or amend the judgment will be denied for the reasons set forth below.

█ The law of this jurisdiction is that a Rule 59(e) motion to alter or amend the judgment " 'need not be granted unless the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." ' " *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057–58 (D.C.Cir.1998). The plaintiffs are correct that this standard is not intended to limit the district court's discretion to grant motions to alter or amend the judgment in circumstances other than those listed above. Nevertheless, plaintiffs have not demonstrated to the Court a sufficient reason (of those listed above or any other) to alter or amend the May 12, 1999 decision.

This Court wrote in its May 12, 1999 memorandum opinion: "At most, [this litigation] may have 'hurried' the DOE along somewhat in its processing of the documents referred from the FBI, and the Court does not find this sufficient foundation on which to base a finding that the plaintiffs 'substantially prevailed' within the meaning of the statute." *Bricker v. FBI,* 54 F.Supp.2d 1, 4 (D.D.C.1999). The essence of plaintiffs' argument to alter or amend the judgment is simply that the "hurrying up" of DOE's processing of the documents referred by the FBI was in fact "sufficient foundation on which to base a finding that the plaintiffs 'substantially prevailed' within the meaning of the statute." However, plaintiffs have demonstrated no basis for the Court to abandon its prior determination. This case was, after all, against the FBI, not the DOE. Furthermore, the FOIA requests which plaintiffs allege DOE did not process in a timely fashion are not the requests that underlie this litigation, although they were undoubtedly related. Although the Court understands plaintiffs' argument, it finds that a delay by the DOE in processing requests not at issue in this case does not justify an award of attorneys' fees against the FBI in this litigation, in which all documents do appear to have been processed in a reasonably timely manner.

█ Plaintiffs have pointed to no intervening change in controlling law, proffered no new evidence, and shown no clear error in need of correction nor manifest injustice in need of prevention.[1] Nor have the plaintiffs persuaded the Court to exercise its discretion to reconsider its prior judgment, which the Court reaffirms today.

The motion to alter or amend the judgment is hereby DENIED.

SO ORDERED.

---

1. Plaintiffs assert that "the Court's oversight in not finding them eligible for an award [of attorneys' fees] ... was a clear error, one that resulted in manifest injustice." Pls.' Reply at 6. The Court does not consider the failure to recover attorneys' fees in this FOIA case to be the kind of "manifest injustice" contemplated by the Court of Appeals in articulating the standard for mandatory reconsideration. Plaintiffs' conclusory assertion of "clear error" and "manifest injustice" demonstrates no other basis for finding the standard for mandatory reconsideration satisfied.